# United States Court of Appeals for the Federal Circuit

Miscellaneous Docket No. 911

IN RE HOFFMANN-LA ROCHE INC.,
ROCHE LABORATORIES INC.,
ROCHE COLORADO CORP., and TRIMERIS, INC.,

Petitioners.

Stephen S. Rabinowitz, Fried, Frank, Harris, Shriver & Jacobson LLP, of New York, New York, for petitioners Hoffmann-La Roche Inc., et al. With him on the petition was Randy C. Eisensmith.

Rachel Krevans, Morrison & Foerster LLP, of San Francisco, California, for respondent Novartis Vaccines and Diagnostics, Inc. With her on the response were Matthew I. Kreeger and Jason A. Crotty. Of counsel on the response were Samuel F. Baxter, McKool Smith, P.C., of Marshall, Texas; Rosemary T. Snider, of Dallas, Texas; and John F. Garvish II, of Austin, Texas.

On Petition for Writ of Mandamus to the United States District Court for the Eastern District of Texas

Chief Judge David Folsom

# United States Court of Appeals for the Federal Circuit

Miscellaneous Docket No. 911

IN RE HOFFMANN-LA ROCHE INC.,
ROCHE LABORATORIES INC.,
ROCHE COLORADO CORP., and TRIMERIS, INC.,

Petitioners.

On Petition for Writ of Mandamus to the United States District Court for the Eastern District of Texas in case no. 2:07-CV-507, Chief Judge David Folsom.

ON PETITION FOR WRIT OF MANDAMUS

Before LOURIE, FRIEDMAN, and GAJARSA, <u>Circuit Judges</u>.

GAJARSA, <u>Circuit Judge</u>.

O R D E R

The petitioners, Hoffmann-La Roche Inc., Roche Laboratories Inc., Roche Colorado Corp. and Trimeris, Inc., seek a writ of mandamus directing the United States District Court for the Eastern District of Texas to vacate its orders denying petitioners' motion to transfer venue, and to direct the court to transfer the case to the United States District Court for the Eastern District of North Carolina. Novartis Vaccines and Diagnostics, Inc. ("Novartis") opposes. The court holds that the district court clearly abused its discretion in denying petitioners' motion to transfer venue pursuant to 28 U.S.C. § 1404(a). Accordingly, we grant petitioner's petition for a writ of mandamus.

## I. BACKGROUND

This petition stems from a patent infringement suit brought by Novartis against the makers of Fuzeon®, a commercial HIV inhibitor drug. Scientists at Duke Medical Center identified Fuzeon's 36-amino acid peptide composition. In 1993, those scientists formed Trimeris to develop the peptide into a possible therapy for HIV infection. Fuzeon was developed and tested at Trimeris' labs in Morrisville, North Carolina where relevant books and documents are currently maintained.

Trimeris partnered with Roche to handle Fuzeon's complex manufacturing process and bring the drug to market. The active pharmaceutical ingredient for Fuzeon is manufactured by Roche at its Colorado facilities. The active ingredient is further processed by either Hoffmann-La Roche Inc. in Michigan or Hoffmann-La Roche Ltd. in Switzerland. The drug is then packaged by Hoffmann-La Roche in New Jersey and marketed nationwide by Hoffmann-La-Roche's wholly owned subsidiary, Roche Laboratories, Inc.

Novartis, a company headquartered in California, brought this suit in the Eastern District of Texas, alleging that Fuzeon infringed its patent. After the parties submitted their initial disclosures identifying potential witnesses, the petitioners moved to transfer the suit to the Eastern District of North Carolina, contending that there were no witnesses or any sources of proof within 100 miles of the Eastern District of Texas. The petitioners further argued that the bulk of the key documentary evidence was present in the Eastern District of North Carolina and that a trial in the Eastern District of North Carolina would be far more convenient for Trimeris' employee witnesses and four non-

employee witnesses who reside within 100 miles of the district and all of whom said that their attendance in the Eastern District of Texas would be inconvenient and unlikely.

Novartis opposed the motion, contending that the Eastern District of Texas was an appropriate venue because the parties, sources of proof, and witnesses were spread throughout the country. In their initial disclosures and motion papers, the parties identified eighteen potential non-party witnesses: four from North Carolina, five from California, three from Maryland, one from Missouri, two from Alabama, two from Europe, and one, Dr. Nancy Chang, from Houston, Texas. The parties also identified seven potential party witnesses: three from North Carolina, three from New Jersey, and one from Colorado. Novartis also argued that the Eastern District of Texas was convenient because 75,000 pages of documents relating to the patent were in the Eastern District of Texas. These documents were sent electronically to Novartis's local counsel in the Eastern District of Texas.

The district court for the Eastern District of Texas denied the petitioners' transfer motion. The district court stated that this was a "decentralized" case given the various locations of the potential witnesses and that transfer would merely shift inconveniences from those witnesses closer to the Eastern District of North Carolina to those witnesses closer to the Eastern District of Texas, i.e., witnesses in California, Missouri, Colorado, and Texas. The district court further stated that transfer was unnecessary because only four non-party witnesses resided in or near the transferee venue, which the district court did not find to be a substantial number of witnesses. Regarding the ability to secure attendance of witnesses, the district court explained that transfer was not favored because it could subpoena Dr. Chang, who resides in Texas, to attend a trial. Next,

regarding the sources of proof factor, the court found that transfer was not favored because the sources of proof were spread around the country and Novartis had transferred 75,000 pages of documents in electronic format to the district. Finally, the district court stated that neither venue had a localized interest in this matter.

## II.  DISCUSSION

If the petitioners are correct that the Eastern District of North Carolina is indeed clearly more convenient, it would be an inadequate remedy to require that they wait until final judgment to raise that issue in this court on appeal. In re TS Tech USA Corp., 551 .3d 1315, 1322 (Fed. Cir. 2008). Denial of transfer may be challenged by the filing of a petition for a writ of mandamus if the petitioner demonstrates a "clear and indisputable" right to relief. Allied Chem. Corp. v. Daiflon, Inc., 449 U.S. 33, 35 (1980); see also In re Volkswagen of Am., Inc., 545 F.3d 304 (5th Cir. 2008) (en banc) (granting mandamus and directing the district court to transfer to a clearly more convenient forum).

It is well established that under the law of the United States Court of Appeals for the Fifth Circuit, which governs here, TS Tech, 551 F.3d at 1319, mandamus may issue only upon a showing that the facts and circumstances underlying the district court's application of the public and private forum non conveniens factors[1] do not rationally

---

[1]  The "private" interest factors include: (1) the relative ease of access to sources of proof; (2) the availability of compulsory process to secure the attendance of witnesses; (3) the cost of attendance for willing witnesses; and (4) all other practical problems that make a trial easy, expeditious and inexpensive. Piper Aircraft Co. v. Reyno, 454 U.S. 235, 241 n.6 (1981). The "public" interest factors to be considered are: (1) the administrative difficulties flowing from court congestion; (2) the local interest in having localized interests decided at home; (3) the familiarity of the forum with the law that will govern the case; and (4) the avoidance of unnecessary problems of conflicts of law or in the application of foreign law. Volkswagen, 545 F.3d at 315.

support the district court's decision, i.e., the district court reached a "patently erroneous" result or committed a "clear" abuse of discretion. Volkswagen, 545 F.3d at 312.

As in Volkswagen, TS Tech, and our most recent decision, In re Genentech, Inc., 566 F.3d 1338 (Fed. Cir. 2009), there is a stark contrast in relevance, convenience, and fairness between the two venues. The accused drug was developed and tested within the Eastern District of North Carolina and documents and sources of proof remain there despite Trimeris now having moved its headquarters to the Middle District of North Carolina. Moreover, the Eastern District of North Carolina's local interest in this case remains strong because the cause of action calls into question the work and reputation of several individuals residing in or near that district and who presumably conduct business in that community. In addition, there are at least four non-party witnesses residing within 100 miles of the Eastern District of North Carolina, all of whom could be compelled for both deposition and trial testimony if the case were transferred to the district. Furthermore, the district's less congested docket suggests that the Eastern District of North Carolina may be able to resolve this dispute more quickly.

Meanwhile, there appears to be no connection between this case and the Eastern District of Texas except that in anticipation of this litigation, Novartis' counsel in California converted into electronic format 75,000 pages of documents demonstrating conception and reduction to practice and transferred them to the offices of its litigation counsel in Texas. But, if not for this litigation, it appears that the documents would have remained a source of proof in California. Thus, the assertion that these documents are

"Texas" documents is a fiction which appears to be have been created to manipulate the propriety of venue. [2]

This type of tactic was clearly counseled against in Van Dusen v. Barrack, 376 U.S. 612 (1964). There, the Supreme Court explained that Section 1404(a) "should be construed to prevent parties who are opposed to a change of venue from defeating a transfer which, but for their own deliberate acts or omissions, would be proper, convenient and just." Id. at 625. A plaintiff's attempts to manipulate venue in anticipation of litigation or a motion to transfer falls squarely within these prohibited activities. The district court's contrary position here has no legally rational basis and prevents § 1404(a) from carrying "out its design to protect litigants, witnesses and the public against unnecessary inconvenience and expense. . . ." Continental Grain Co. v. The FBL-585, 364 U.S. 19, 27 (1960).

The district court also gave too much weight to its ability to compel Dr. Chang's attendance at trial.[3] Rule 45 of the Federal Rules of Civil Procedure provides the

---

[2] The Supreme Court has not limited the § 1404(a) analysis to only post-filing events. See Stewart Org., Inc. v. Ricoh Corp., 487 U.S. 22, 29 (1988) (permitting the district court to consider the effect of a forum-selection clause in a contract and the parties relative bargaining power); but see id. at 35 (SCALIA, J., Dissenting) (asserting that the statute's language looks only to the present and future; "the Court inevitably imports, in my view without adequate textual foundation, a new *retrospective* element into the court's deliberations, requiring examination of what the facts were concerning, among other things, the bargaining power of the parties and the presence or absence of overreaching at the time the contract was made").

[3] The parties dispute the likelihood that Dr. Chang and the North Carolina witnesses will testify at trial. Because each witness has been identified as having relevant and material information relating to this suit, we agree with the district court that the convenience of all five witnesses should be assessed. See Genentech, 566 F.3d at 1343-44. We also note that in its reconsideration order, the district court stated that "this Court may have subpoena power over all or some of the four 'non-party' witnesses in North Carolina." That statement was, however, based entirely on Novartis's own

Misc. No. 911

6

district court with authority to compel Dr. Chang's attendance at trial, even though she does not reside within 100 miles of the Eastern District of Texas, because she is a resident of Texas. Fed. R. Civ. P. 45(c)(3)(A)(ii). Yet, because Dr. Chang resides more than 100 miles outside the Eastern District of Texas, the district court cannot compel her attendance at a deposition within the district and any such subpoena issued to her is subject to a motion to quash. Fed. R. Civ. P. 45(c)(3)(A)(ii). See also Volkswagen, 545 F.3d at 316 (finding that this factor favored transfer when the plaintiff's chosen venue lacks deposition subpoena power and any trial subpoenas would be subject to motions to quash).

Citing Volkswagen, 545 F.3d at 316, the district court stated that the Fifth Circuit weighs this factor "heaviest in favor of transfer" only when a transferee venue has "absolute subpoena power." The district court, citing one of its earlier opinions, held that there is "absolute subpoena power" only when "all relevant and material non-party witnesses reside within the subpoena power of a particular court." That position is inconsistent with Volkswagen which defined "absolute subpoena power" as subpoena power "for both depositions and trial." Id.; see also Genentech, 566 F.3d at 1345 (transferee venue's subpoena power over a substantial number of witnesses favors transfer).

In discussing its subpoena power, the district court did not assess convenience and fairness to Dr. Chang and the other potential witnesses. As the Fifth Circuit explained in Volkswagen, "[t]hat a district court can deny any motions to quash does not

speculation and Novartis has failed to provide any proof below or in its mandamus papers supporting its argument that these witnesses are party witnesses or contractually obligated to attend trial in Texas. In fact, all four North Carolina non-party witnesses declared that they would likely not attend trial if it were held in Texas.

address concerns regarding the convenience of parties and witnesses." 545 F.3d at 316. The district court can only compel one potential non-party witness to testify at trial and can only do so by inconveniencing her in having to travel more than 100 miles to attend the trial. In contrast, the Eastern District of North Carolina can compel at least four potential non-party witnesses for both trial and deposition and can do so without similar inconvenience to those witnesses. Because the Eastern District of Texas does not have absolute subpoena power over Dr. Chang, i.e., it does not have the subpoena power to require that Dr. Chang attend both a trial and a deposition, and because the Eastern District of North Carolina does have absolute subpoena power over at least four non-party witnesses, the district court should have considered this factor in favor of transfer. See Genentech, 566 F.3d at 1345.

The district court also disregarded Volkswagen and Genentech in holding that the Eastern District of North Carolina had no more of a local interest in deciding this matter than the Eastern District of Texas. While the sale of an accused product offered nationwide does not give rise to a substantial interest in any single venue, TS Tech, 551 F.3d at 1321, if there are significant connections between a particular venue and the events that gave rise to a suit, this factor should be weighed in that venue's favor. Genentech, 566 F.3d at 1347; Volkswagen, 545 F.3d at 317-18. The Eastern District of North Carolina's interest in this matter is self-evident. Meanwhile, it is undisputed that this case has no relevant factual connection to the Eastern District of Texas. The district court ignored this significant contrast, reasoning that "where a number of private interest factors weigh heavily in one direction, that venue has a slightly greater local interest," but "[w]here, however, the factors do not weigh heavily in one direction of [sic]

the other, no one venue has more or less a meaningful connection to the case than any other." By relying exclusively on how other forum non conveniens factors weigh, rather than assessing the locale's connection to the cause of action, the district court essentially rendered this factor meaningless. Therefore, because the Eastern District of North Carolina has a meaningful local interest in adjudicating the dispute and no meaningful connection exists with the Eastern District of Texas, this factor also favors transfer.

Accordingly,

IT IS ORDERED THAT:

The petition is granted and the district court is directed to promptly transfer the case to the Eastern District of North Carolina.

FOR THE COURT

___December 2, 2009___                              ___/s/ Jan Horbaly___
Date                                                Jan Horbaly
                                                    Clerk


cc:  Stephen S. Rabinowitz, Esq.
     Rachel Krevans, Esq.
     Judge, U.S. District Court for the Eastern District of Texas
     Clerk, U.S. District Court for the Eastern District of Texas

Misc. No. 911
9