NOTE: This order is nonprecedential.

# United States Court of Appeals for the Federal Circuit

Miscellaneous Docket No. 932

IN RE APPLE INC., SIRIUS XM RADIO INC.,
COBY ELECTRONICS CORP., and ARCHOS, INC.,

Petitioners.

On Petition for Writ of Mandamus to the United States District Court for the Eastern District of Texas in case no. 09-CV-0111, Judge Ron Clark.

ON PETITION FOR WRIT OF MANDAMUS

Before MAYER, LOURIE and BRYSON, Circuit Judges.

Order for the court filed PER CURIAM. Circuit Judge LOURIE dissents without separate opinion.

ORDER

The four petitioners, defendants in a patent infringement action, seek a writ of mandamus to direct the United States District Court for the Eastern District of Texas to vacate its February 11, 2010, order denying the petitioners' motion to transfer venue, and to direct the court to transfer the case to the United States District Court for the District of Massachusetts. The plaintiff in the infringement action, Personal Audio, LLC, opposes.

In its order denying the petitioners' motion to transfer, the district court noted that none of the defendants are headquartered in the transferee venue, that Personal Audio is a Texas limited liability company, and that the originals of most of Personal Audio's documents are located in the Eastern District of Texas. Although the court noted that Personal Audio became a Texas limited liability company only two months before the

underlying action was filed, it held that Personal Audio's "presence in the Eastern District of Texas is not a 'fiction.'" Although the petitioners identified five non-party witnesses who resided in Massachusetts, the court concluded that the convenience of the witnesses did not weigh either in favor of or against transfer, particularly in light of the availability of video depositions of non-party witnesses. The court acknowledged that the Massachusetts court's ability to subpoena potential witnesses favored transfer because the identified witnesses resided within the District of Massachusetts or within 100 miles of that court. However, because Personal Audio, LLC, was filing in its home venue, the court stated there was a local interest in adjudicating the dispute. In addition, the court added that it could likely hold a trial sooner than the Massachusetts district court. The court therefore concluded that the petitioners had not met their burden of demonstrating that the District of Massachusetts was clearly more convenient than the Eastern District of Texas for trial of the case, and it denied the motion to transfer.

Applying Fifth Circuit law in cases arising from district courts in that circuit, this court has held that mandamus may be used to correct a patently erroneous denial of transfer. That standard is an exacting one, requiring the petitioner to establish that the district court's decision amounted to a failure to meaningfully consider the merits of the transfer motion. See In re Nintendo Co., 589 F.3d 1194 (Fed. Cir. 2009); In re Hoffmann-La Roche Inc., 587 F.3d 1333 (Fed. Cir. 2009); In re Genentech, Inc., 566 F.3d 1338 (Fed. Cir. 2009); In re TS Tech USA Corp., 551 F.3d 1315 (Fed. Cir. 2008); In re Volkswagen of Am., Inc., 545 F.3d 304 (5th Cir. 2008) (en banc). In this case, that standard has not been met.

To be sure, the status of Personal Audio, LLC, as a Texas corporation is not entitled to significant weight, inasmuch as the company's presence in Texas appears to be both recent and ephemeral—its office is apparently the office of its Texas litigation counsel, and it appears not to have any employees in Texas. Nonetheless, the petitioners have not made a compelling showing that Massachusetts is a more convenient forum, particularly in light of the fact that none of the defendants is headquartered there. The district court also addressed and rejected the petitioners' claim that Massachusetts would be a more convenient forum for prospective witnesses in the case, and we are not prepared to hold that the court's conclusion in that regard was plainly incorrect. In sum, the petitioners have failed to satisfy the demanding standard required to justify the issuance of a writ of mandamus.

Accordingly,

IT IS ORDERED THAT:

The petition for a writ of mandamus is denied.

FOR THE COURT

MAY 12 2010
Date

/s/ Jan Horbaly
Jan Horbaly
Clerk

cc: Garland T. Stephens, Esq.
David A. Jakopin, Esq.
Joseph A. Calvaruso, Esq.
Jonathan S. Caplan, Esq.
Ronald J. Schutz, Esq.
Clerk, United States District Court for the Eastern District of Texas

s19

FILED
U.S. COURT OF APPEALS FOR
THE FEDERAL CIRCUIT

MAY 12 2010

JAN HORBALY
CLERK

Misc. 932                    3