NOTE: This order is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**IN RE ECHOSTAR CORP. and
DISH NETWORK CORP.
(formerly known as Echostar Communications
Corp.),**
*Petitioners.*

---

Miscellaneous Docket No. 933

---

On Petition for Writ of Mandamus to the United States District Court for the Eastern District of Texas in case no. 2:08-CV-00070, Magistrate Judge Charles Everingham.

---

## ON PETITION FOR WRIT OF MANDAMUS

---

Before RADER, *Chief Judge*, BRYSON, and MOORE, *Circuit Judges.*

RADER, *Chief Judge.*

## ORDER

Echostar Corp. et al. (Echostar) seek a writ of mandamus to direct the United States District Court for the Eastern District of Texas to vacate its order denying

Echostar's motion to transfer venue, and to direct the Texas court to transfer the case to the United States District Court for the District of Delaware. Personalized Media Communications, L.L.C. (PMC) opposes. Echostar replies.

This petition involves two separate suits brought by PMC alleging infringement of its multiple patents entitled, "Signal Processing Apparatus and Methods." In the action at bar, PMC brought suit in the United States District Court for the Eastern District of Texas, accusing Echostar of making, using, and selling broadband cable television transmission products that infringe six of those patents.

Echostar asked the district court to transfer the case to the United States District Court for the District of Delaware pursuant to 28 U.S.C. § 1404(a), which authorizes transfer "for the convenience of parties and witnesses, in the interest of justice." Echostar conceded that the evidentiary and witness considerations were neutral in this case. Nevertheless, Echostar argued that under the "first-to-file" rule this case should be transferred because it substantially overlapped with a pending suit in that court PMC had filed against several other defendants accused of making, using, and selling satellite television transmission products. The Delaware suit has been stayed since May of 2003, pending the completion of reexamination proceedings involving two of the patents before the Patent & Trademark Office.

The Texas district court denied Echostar's motion to transfer. The district court determined that there was no substantial overlap between the Texas and Delaware suits. The court explained that "[w]hile the Delaware action and this case both involve the same patents, in this case, the plaintiff asserts different claims against differ-

ent defendants and accuses different technology platforms." The court added that "[t]ransferring this case to Delaware will produce only minimal gains in judicial economy, if any at all [because] [t]he Delaware court has not evaluated the merits of PMC's complaint and has not adopted any claim construction." The court also noted that transfer could possibly result in a delay of this case because it was uncertain when the PTO reexamination proceedings would be completed.

Applying Fifth Circuit law in cases arising from district courts in that circuit, this court has held that mandamus may be used to correct a patently erroneous denial of transfer. That standard is an exacting one, requiring the petitioner to establish that the district court's decision amounted to a failure to meaningfully consider the merits of the transfer motion. *See In re Nintendo Co.*, 589 F.3d 1194 (Fed. Cir. 2009); *In re Hoffmann-La Roche Inc.*, 587 F.3d 1333 (Fed. Cir. 2009); *In re Genentech, Inc.*, 566 F.3d 1338 (Fed. Cir. 2009); *In re TS Tech USA Corp.*, 551 F.3d 1315 (Fed. Cir. 2008); *In re Volkswagen of Am., Inc.*, 545 F.3d 304 (5th Cir. 2008) (en banc).

Having conceded below that the private interest factors are neutral, Echostar cannot now argue to the contrary. We also cannot say that the district court's application of the first-to-file rule was patently erroneous. The defendants and accused technology are markedly distinctive to each action. And, while four patent claims may overlap in these two suits, 36 claims do not. Echostar's arguments regarding the overlap of validity, enforcement, and claim construction may be persuasive, but they are simply not enough to satisfy the demanding standard required to justify the issuance of a writ of mandamus.

Accordingly,

IT IS ORDERED THAT:

The petition is denied.

FOR THE COURT

AUG  2 2010
_____
Date

/s/ Jan Horbaly
_____
Jan Horbaly
Clerk

FILED
U.S. COURT OF APPEALS FOR
THE FEDERAL CIRCUIT

AUG 02 2010

JAN HORBALY
CLERK

cc:  Rachel Krevans, Esq.
     Arun S. Subramanian, Esq.
     Clerk, United States District Court for the Eastern
District Of Texas

s19