NOTE: This order is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**IN RE ORACLE CORPORATION,**
*Petitioner.*

---

Miscellaneous Docket No. 951

---

On Petition for Writ of Mandamus to the United States District Court for the Eastern District of Texas in case no. 08-CV-371, Judge T. John Ward.

---

## ON PETITION FOR WRIT OF MANDAMUS

---

Before LINN, DYK, and PROST, *Circuit Judges.*

PROST, *Circuit Judge.*

## ORDER

Oracle Corporation (Oracle) petitions for a writ of mandamus to direct the United States District Court for the Eastern District of Texas to vacate its orders denying Oracle's motion to transfer venue, and to direct transfer to the United States District Court for the Northern District of California. Financial Systems Technology (Intell. Property) Pty. Ltd. et al. (FST) oppose. Oracle replies.

I.

In October of 2004, FST brought suit against Oracle for patent infringement in the Eastern District of Texas. Oracle, a California-based company, asked the district court to transfer the case to Northern District of California pursuant to § 1404(a), which authorizes transfer "for the convenience of parties and witnesses, in the interest of justice." In February of 2005, the Eastern District of Texas denied the motion to transfer. Despite none of the parties, witnesses or documents being located in or near Eastern Texas, the district court determined that no relevant § 1404(a) factors favored transfer.

In June of 2005, FST began reissue proceedings at the Patent and Trademark Office for both patents-in-suit. Because of those proceedings, the parties agreed that the patent infringement suit would be dismissed without prejudice to FST refilling after completion of the reissue proceedings. On June 20, 2005, the parties entered into a contract (hereinafter, "the Agreement"), agreeing to dismiss the action without prejudice and to allow FST to file another patent infringement action involving the same patents upon completion of the reissue proceedings.

The Agreement stipulated that "the Eastern District [of Texas] shall be the sole and exclusive jurisdiction and venue for future litigation[.]" That stipulation was subject to Oracle retaining the right to "re-assert a motion to transfer venue in the Future Litigation which raises new grounds not previously addressed in connection with the briefing and argument preceding the Order." The following month, the district court dismissed the action without prejudice pursuant to the Agreement.

After the reissue proceedings were completed, FST filed the underlying patent infringement action against Oracle in the Eastern District of Texas. In June of 2009,

Oracle moved to transfer the suit to Northern California pursuant to § 1404(a). In addition to arguing the merits of its motion, Oracle invoked section 2.c.v of the Agreement in arguing, inter alia, that intervening cases issued by this court and the United States Court of Appeals for the Fifth Circuit, including *In re Volkswagen of America, Inc.*, 545 F.3d 304 (5th Cir. 2008) (en banc), and *In re TS Tech USA Corp.*, 551 F.3d 1315 (Fed. Cir. 2008) and *In re Genentech*, 566 F.3d 1338 (Fed. Cir. 2009), were "new grounds" within the meaning of the Agreement because these cases established a "different balance" in considering a motion to transfer.

The motion was referred to a Magistrate Judge who denied transfer on the ground that "Oracle had failed to show 'new grounds' as to warrant Oracle to request a transfer under the Agreement." The Magistrate Judge noted that although *Volkswagen*, *TS Tech*, and *Genentech* clarified the standard for obtaining a venue transfer, those cases continued to apply the same public and private interest factors as applied in its previous order in the earlier action. The Magistrate Judge further explained that because the same facts and factors were briefed and argued by Oracle in the preceding transfer motion, Oracle's assertion for transfer of venue was contrary to the plain language of the Agreement. Oracle sought reconsideration of the Magistrate Judge's order. On August 3, 2010, the district court denied Oracle's request and adopted the Magistrate Judge's reasoning.

## II.

Applying Fifth Circuit law in cases arising from district courts in that circuit, this court has held that mandamus may be used to correct a patently erroneous denial of transfer. *See In re Nintendo Co.*, 589 F.3d 1194 (Fed. Cir. 2009); *In re Hoffmann-La Roche Inc.*, 587 F.3d 1333

(Fed. Cir. 2009); *Genentech,* 566 F.3d at 1348; *TS Tech,* 551 3d at 1319; *Volkswagen,* 545 F.3d at 1315.

In determining whether the transferee venue is clearly more convenient, the Fifth Circuit applies the public and private factors used in *forum non conveniens* analysis. *Volkswagen,* 545 F.3d at 314, n.9.[1] Here, however, the court determined the parties' Agreement rendered such analysis unnecessary. *See Fin. Sys. Tech. v. Oracle Corp.,* 2:08-CV-371, slip op. at 7 (E.D. Tex. Aug. 3, 2010) ("Because there are no 'new grounds,' Oracle has no basis to re-assert its motion to transfer and the Court need not determine whether any such transfer would be appropriate and need not consider any private and public interest factors in such a transfer analysis.").

We hold that the district court's sole reliance on the parties' private expression of venue choice and failure to provide a meaningful evaluation of the § 1404(a) factors was plainly incorrect as a matter of law. In *Stewart Org. v. Ricoh Corp.,* 487 U.S. 22 (1988), the Court explained

---

[1]  As we noted in *TS Tech,* the private interest factors include (1) the relative ease of access to sources of proof; (2) the availability of compulsory process to secure the attendance of witnesses; (3) the cost of attendance for willing witnesses; and (4) all other practical problems that make a trial easy, expeditious and inexpensive. The public interest factors include (1) the administrative difficulties flowing from court congestion; (2) the local interest in having localized interests decided at home; (3) the familiarity of the forum with the law that will govern the case; and (4) the avoidance of unnecessary problems of conflicts of laws [or in] the application of foreign law. 551 F.3d at 1519.

that "because § 1404(a) call[s] upon the district court, as opposed to the parties, to weigh in the balance a number of case-specific factors, "[t]he flexible and individualized analysis Congress prescribed in § 1404(a) . . . encompasses consideration of the parties' private expression of their venue preferences." *Id.* at 29-30. Thus, the Court held, "[t]he forum selection clause, which represents the parties' agreement as to the most proper forum, should receive neither dispositive consideration (as respondent might have it) nor no consideration . . . but rather the consideration for which Congress provided in § 1404(a)." *Id.* at 32.

*Stewart Org.* clearly controls the outcome of this petition. While the Agreement's venue provision may have arisen out of distinguishable circumstances from those of the agreements discussed in *Stewart Org.*, this distinction is immaterial for purposes of the analysis, and we can think of no reason why § 1404(a) would not also govern the Agreement.[2] To hold otherwise would similarly frustrate Congress's placement of discretion with the court, not the parties, to adjudicate motions for transfer.

Because the court failed to follow *Stewart Org.* and meaningfully consider the private and public interest factors, we grant the petition for the purpose of vacating the court's order and direct the court to conduct a proper § 1404(a) analysis and issue a new decision. In reassessing the matter of transfer, the court's § 1404(a) analysis must

---

[2] The Agreement's venue provision clearly comes within the definition of a forum selection clause. *See Black's Law Dictionary* 726 (9th ed. 2009) (defining "forum selection clause" as "[a] contractual provision in which the parties establish the place (such as the country, state, or type of court) for specified litigation between them.").

consider the private and public interest factors in light of the specific facts and circumstances of the present case and in accordance with the *Volkswagen*, *TS Tech*, and *Genentech* decisions.

The court should also consider the Agreement. To that end, we reserve judgment on the court's interpretation of "new grounds" and whether Oracle's proffered grounds fall within the meaning of that term. However, to the extent that the court applies this same interpretation on reconsideration, the court should also consider whether placing too much emphasis on the parties' contractual agreement is, under the circumstances here, fair and in the interest of justice. *See* 28 U.S.C. § 1404(a); *see also generally County of Los Angeles v. Faus*, 48 Cal.2d 672, 680-81 (1957) ("[A] decision of a court of supreme jurisdiction overruling a former decision is retrospective in its operation and that the effect is not that the former decision was bad law but that it never was the law.").

Accordingly,

IT IS ORDERED THAT:

We grant the petition to the extent that we now vacate the district court's order and direct the court to conduct a proper § 1404(a) analysis and issue a new decision in accordance with this order.

FOR THE COURT

NOV 1 2010
_____
Date

/s/ Jan Horbaly
Jan Horbaly
Clerk

**FILED**
U.S. COURT OF APPEALS FOR
THE FEDERAL CIRCUIT

NOV 0 1 2010

JAN HORBALY
CLERK

cc:  Karen G. Johnson-McKewan, Esq.
     Scott Lamar Cole, Esq.
     Clerk, United States District Court for the Eastern
District Of Texas

s19