NOTE:  This order is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

## IN RE SIMPSON STRONG-TIE COMPANY INC., SIMPSON MANUFACTURING CO., INC., SFI OF TENNESSEE, LLC AND ASSOCIATED TRUSS & LUMBER CO.,
*Petitioners.*

---

Miscellaneous Docket No. 970

---

On Petition for Writ of Mandamus to the United States District Court for the Eastern District of Texas in case nos. 09-CV-0337 and 10-CV-0082, Magistrate Judge Charles Everingham, IV.

ON PETITION

Before RADER, *Chief Judge*, NEWMAN and BRYSON, *Circuit Judges.*

PER CURIAM.

### O R D E R

The petitioners, Simpson Strong Tie Company and Simpson Manufacturing Co., Inc. (Simpson), Simpson's parts supplier, SFI of Tennessee, LLC (SFI), and Associated Truss & Lumber Co. (AT&L), a local retail hardware store accused of selling Simpson's accused product, all

defendants in a patent infringement suit, seek a writ of mandamus directing the United States District Court for the Eastern District of Texas to sever the claims against AT&L and transfer the remainder of the case to the United States District Court for the Northern District of California. The plaintiff in the action, Ei-Land Corporation (Ei-Land), opposes. The petitioners reply.

In its order denying the petitioners' motion to transfer, the district court acknowledged that the Northern California court's ability to subpoena witnesses favored transfer because several potential non-party witnesses reside within the Northern District of California or within 100 miles of that court. The court also concluded that the convenience of the witnesses slightly favored transfer because more potential witnesses had been identified within or closer to that district. The court noted, however, that there were witnesses who could more conveniently appear in the Eastern District of Texas, including potential witnesses at Simpson's McKinney branch located within the district. In addition, the court stated that potential evidence was housed at Simpson's McKinney branch.

With regard to the local interest factor, the court noted that the Eastern District of Texas appeared to have more of an interest in adjudicating the dispute because Simpson's McKinney branch generated substantial revenue from sales of the accused product, employs approximately 180 people in McKinney, and "unlike the Eastern District of Texas, none of [Simpson's] four branches that produce or assemble the accused product are located in the Northern District of California." The court therefore concluded that the petitioners had not met their burden of demonstrating the Northern District of California was clearly more convenient than the Eastern District of

Texas for trial, and it denied the motion to sever and transfer.

Applying Fifth Circuit law in cases arising from district courts in that circuit, this court has held that mandamus may be used to correct a patently erroneous denial of transfer. That standard is an exacting one, requiring the petitioner to establish that the district court's decision amounted to a failure to meaningfully consider the merits of the transfer motion. *See In re Nintendo Co., Ltd.*, 589 F.3d 1194 (Fed. Cir. 2009); *In re Hoffmann-La Roche Inc.*, 587 F.3d 1333 (Fed. Cir. 2009); *In re Genentech, Inc.*, 566 F.3d 1338 (Fed. Cir. 2009); *In re TS Tech USA Corp.*, 551 F.3d 1315 (Fed. Cir. 2008); *In re Volkswagen of Am., Inc.*, 545 F.3d 304 (5th Cir. 2008) (en banc). In this case, that standard has not been met.

The petitioners contend that Ei-Land named as defendants a number of Texas-based retailers not subject to personal jurisdiction in California in an attempt to prevent transfer to a far more convenient venue. This case, however, is not akin to the circumstances in *In re Microsoft Corp.*, 630 F.3d 1361 (Fed. Cir. 2011) and prior cases in which we granted mandamus relief based upon the trial court's reliance on a party's attempts to frustrate the transfer laws. Here, all of the hardware store defendants except for AT&L have been dropped from the suit and the reasons for denying transfer were irrespective of AT&L's presence in Texas.

The petitioners' argument that this cause of action has no meaningful connection to the plaintiff's chosen forum was addressed and rejected by the district court in its transfer order. The court explained that Simpson conducts significant operations relevant to this case outside of its Northern California headquarters, including activities at its McKinney branch, and that potential

witnesses and sources of proof are located within the Eastern District of Texas.  We are not prepared to hold that those conclusions were plainly incorrect.  In sum, the petitioners have failed to satisfy the demanding standard required to justify the issuance of a writ of mandamus. We therefore deny the petition.

Accordingly,

IT IS ORDERED THAT:

The petition for a writ of mandamus is denied.


FOR THE COURT


__APR 0 6 2011__               /s/ Jan Horbaly
Date                             Jan Horbaly
                                 Clerk

cc:  James P. Martin, Esq.
     John J. Edmonds, Esq.
     Alexandra C. Fennell, Esq.
     Clerk, United States District Court For The Eastern
District Of Texas

s19

**FILED**
**U.S. COURT OF APPEALS FOR**
**THE FEDERAL CIRCUIT**

**APR 0 6 2011**

**JAN HORBALY**
**CLERK**