NOTE: This order is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

## IN RE BIOSEARCH TECHNOLOGIES, INC. AND EUROFINS MWG OPERON INC.,
*Petitioners.*

---

Miscellaneous Docket No. 995

---

On Petition for Writ of Mandamus to the United States District Court for the Eastern District of Texas in case no. 09-CV-0283, Judge T. John Ward.

---

## ON PETITION

---

Before NEWMAN, LINN, and REYNA, *Circuit Judges.*

LINN, *Circuit Judge.*

## ORDER

Biosearch Technologies, Inc. and Eurofins MWG Operon Inc. seek a writ of mandamus directing the United States District Court for the Eastern District of Texas to transfer the case to the District Court for the Northern District of California. Applied Biosystems, LLC and Life Technologies Corporation (collectively, Life Tech) oppose. Biosearch and Eurofins reply. Because the district court

abused its discretion in denying Biosearch's motion to transfer venue under 28 U.S.C. § 1404(a), this court grants Biosearch's petition for a writ of mandamus.

## I.

This case arises out of a patent infringement suit against the petitioner-defendant, Biosearch, brought by the respondent-plaintiff, Life Tech. Life Tech asserted infringement of five of its patents directed to dual-labeled probe products initially against only Biosearch Technologies, Inc., and then added defendants Eurofins MWG Operon, Inc., Midland Certified Reagent Company, Inc., and Bio-Synthesis, Inc. Midland was dismissed from the suit prior to the underlying motion to transfer in the district court.

Biosearch and Eurofins (collectively, 'Biosearch) moved to transfer to the Northern District of California, where a substantial number of witnesses and documents are located. The motion was denied by a magistrate judge, who focused on defendant Bio-Synthesis' connections to the Eastern District of Texas. The magistrate determined that all of Bio-Synthesis' evidence was located in the Eastern District of Texas. Given that Life has facilities in Austin, Texas, California, Maryland, and New York, and Eurofin is in Alabama, the magistrate determined the Eastern District of Texas was a proper central location. The magistrate acknowledged that the availability of compulsory process to secure the attendance of non-party witnesses favored transfer because of the large number of likely witnesses in the Northern District of California, but decided that the cost of attendance for willing witnesses weighed against transfer due to the number of Bio-Synthesis witnesses in Texas and the increased travel distances for other witnesses that Cali-

fornia would require. Biosearch sought review of the magistrate's order by the district court, which upheld the decision.

## II.

The remedy of mandamus is available only in extraordinary situations to correct a clear abuse of discretion or usurpation of judicial power. *In re Calmar, Inc.*, 854 F.2d 461, 464 (Fed. Cir. 1988). In reviewing a district court's ruling of a motion to transfer pursuant to § 1404(a), we apply the law of the regional circuit, in this case the Fifth Circuit. *See Storage Tech. Corp. v. Cisco Sys., Inc.*, 329 F.3d 823, 836 (Fed. Cir. 2003).

A motion to transfer under § 1404(a) calls upon the trial court to weigh a number of case-specific factors based on the individualized facts on record. *See Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 29, (1988). Although a trial court has great discretion in these matters, mandamus may issue when the trial court's application of those factors creates a patently erroneous result. *In re Volkswagen of Am., Inc.*, 545 F.3d 304, 310 (5th Cir. 2008) (en banc); *see also In re TS Tech USA Corp.*, 551 F.3d 1315, 1318–19 (Fed. Cir. 2008).

In assessing whether a defendant has met its burden of demonstrating the need to transfer, the Fifth Circuit applies the "public" and "private" factors for determining *forum non conveniens*. *Volkswagen*, 545 F.3d at 314 n. 9. As we noted in *TS Tech*, the private interest factors include "(1) the relative ease of access to sources of proof; (2) the availability of compulsory process to secure the attendance of witnesses; (3) the cost of attendance for willing witnesses; and (4) all other practical problems that make a trial easy, expeditious and inexpensive." 551

F.3d at 1319 (citing *Piper Aircraft Co. v. Reyno,* 454 U.S. 235, 241 n. 6, (1981)). The public interest factors include "(1) the administrative difficulties flowing from court congestion; (2) the local interest in having localized interests decided at home; (3) the familiarity of the forum with the law that will govern the case; and (4) the avoidance of unnecessary problems of conflicts of laws [or in] the application of foreign law." *Id.*

Both plaintiffs in this case are headquartered in California, and one is in the Northern District of California. One of the moving defendants, Biosearch, is also incorporated and headquartered in the Northern District of California. It cannot be disputed therefore that such venue would have a strong interest in trying this case and be convenient with regard to the location of likely sources of evidence.

The district court recognized that at least 19 potential witnesses, among them the patents' inventors and prosecuting attorneys, reside in or near the transferee venue. If all of these witnesses were required to travel to the Eastern District of Texas, the parties would likely incur significant expenses for airfare, meals, and lodging, as well as losses in productivity from time spent away from work. *See Volkswagen,* 545 F.3d at 317. In addition, these witnesses will suffer the "personal costs associated with being away from work, family, and community." *Id.* These costs would be significantly minimized or avoided by transferring the case to Northern California. Moreover given the large number of witnesses that reside in that venue, the subpoena powers of the Northern District of California may be expected to be invaluable in the event process is required to hale relevant witnesses into court.

In contrast, the district court acknowledged that "neither party has identified any witness subject to compulsory process in the Marshall Division of the Eastern District of Texas." The court nonetheless held that this case should remain in the plaintiff's chosen venue. In doing so, the district court predominantly relied on Bio-Synthesis' presence in the Eastern District for many of the § 1404(a) factors.

Bio-Synthesis, however, has entered into an agreement with the plaintiff to play only a peripheral role in this litigation by, inter alia, limiting its discovery requests and agreeing not to challenge the validity of the patents-in-suit. While in theory the Agreement leaves open the possibility that Bio-Synthesis can expend the costs of litigation to reduce its liability under the "high-low" agreement by challenging the infringement allegations, the reality of the situation is that Life has limited its own discovery of Bio-Synthesis, and Bio-Synthesis's behavior implies that it appears content not to expend the costs necessary to prove its non-infringement case at trial—failing even to participate in the claim construction proceedings that are so critical to the outcome of the infringement determinations. Thus, whatever documents of Bio-Synthesis are present in the Eastern District of Texas, we cannot say they are deserving of any significant weight.

In analogous situations, where an invention has no connection with Texas, we have determined that the asserted geographical centrality of Texas did not outweigh the many aspects of convenience to the defendant. In *In re Genentech, Inc.*, 566 F.3d 1338 (Fed. Cir. 2009) the plaintiff, a company which had no connection to Eastern Texas, brought suit in Texas against Genentech and another company, both of which had principal places

of business in California. The bulk of the defendants' witnesses resided in California, and a substantial amount of the defendants' evidence was situated in California. Similar to this case, in *Genentech*, neither the plaintiff company, the inventors, nor any witness of the plaintiff had any connection with Texas. This court required transfer to the Northern District of California, ruling that "the district court clearly erred in not determining [the convenience] factor to weigh substantially in favor of transfer." *Id.* at 1345. This court observed that the plaintiff's witnesses "will be required to travel a significant distance no matter where they testify." *Id.* at 1344. More recently, in cases such as *In re Nintendo Co.*, 589 F.3d 1194 (Fed. Cir. 2009) and *In re Hoffmann-La Roche*, 587 F.3d 1333 (Fed. Cir. 2009), this court ordered transfer from the plaintiff's chosen Eastern Texas forum, noting "a stark contrast in relevance, convenience, and fairness between the two venues." 587 F.3d at 1336. This precedent is persuasive authority for transfer to the Northern District of California, for the facts of the present case are as compelling as for this precedent.

Although transfer is within the discretion of the trial court, "in a case featuring most witnesses and evidence closer to the transferee venue with few or no convenience factors favoring the venue chosen by the plaintiff, the trial court should grant a motion to transfer." *Nintendo*, 589 F.3d at 1198. This is such a case. Despite the limited involvement that defendant Bio-Synthesis will have in this litigation, it is not strong enough to maintain the case in the Eastern District of Texas, given the other factors weighing in favor of transfer. We grant the petition.

Accordingly,

IT IS ORDERED THAT:

The petition for writ of mandamus is granted. The United States District Court for the Eastern District of Texas is directed to vacate its order denying petitioners' motion to transfer venue, and to direct transfer to the United States District Court for the Northern District of California.

FOR THE COURT

DEC 2 2 2011
Date

/s/ Jan Horbaly
Jan Horbaly
Clerk

cc:  Thomas M. Peterson, Esq.
     Kenneth E. Keller, Esq.
     Clerk, United States District Court for the Eastern District of Texas

s24

FILED
U.S. COURT OF APPEALS FOR
THE FEDERAL CIRCUIT

DEC 2 2 2011

JAN HORBALY
CLERK