NOTE: This order is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**IN RE APPLE INC.,**
*Petitioner.*

---

Miscellaneous Docket No. 103

---

On Petition for Writ of Mandamus to the United States District Court for the Eastern District of Texas in case nos. 09-CV-0326, 10-CV-0248, and 09-CV-289, Judge Charles Everingham IV.

---

**ON PETITION**

---

Before NEWMAN, LINN, and REYNA, *Circuit Judges.*

LINN, *Circuit Judge.*

## ORDER

Respondent SimpleAir, Inc. has sued Petitioner Apple, Inc., and five other defendants, namely, Research-In-Motion, Disney Online, ESPN Enterprises, ABC, and Handmark in the United States District Court for the Eastern District of Texas, charging each with patent infringement. The action, which was filed more than two years and two months ago, is quickly approaching its

current trial date. The case has already given rise to a number of procedural issues, perhaps the most disputed of which is currently before us on Apple's petition for a writ of mandamus seeking a transfer of venue pursuant to 28 U.S.C. § 1404(a) to another federal district court. That provision authorizes transfer of a civil action from one federal district court to another "[f]or the convenience of the parties and witnesses, in the interest of justice."

SimpleAir's complaint alleges the defendants infringed its patents relating to the generation, processing, and/or delivery of content, notifications, and updates to or for mobile computing devices. The complaint predicated venue on 28 U.S.C. § 1400(b), which authorizes venue jurisdiction over any patent infringement suit where an alleged act of infringement has been committed. It is not disputed that Apple's and the other defendants' accused products or services involving wireless notifications to users of mobile devices are available in the Eastern District of Texas.

Based on assertions of convenience for trial Apple moved to transfer the case to the Northern District of California. An affidavit attached to Apple's motion stressed the presence of a number of potential witnesses and relevant evidence in that venue where Apple is headquartered and researched, designed, and developed the accused products. The district court took nearly fifteen months to rule on the motion, but when it did so, the district court found no reason for another court to try this case because of RIM's presence in Irving, Texas, which is 164 miles from the courthouse, and the identification of documents and potential witnesses in or near the Eastern District of Texas.

As an initial matter, this court is in agreement with SimpleAir that Apple's delay militates against granting

this extraordinary and largely discretionary remedy. Apple failed to employ any strategy to pressure the district court to act, such as seeking mandamus to direct the district court to rule on the motion. Moreover, and more importantly, Apple waited three and a half months after the ruling was handed down before filing this petition so close to trial.

Apple nonetheless reminds us that there is now a well established line of authority that mandamus may issue to direct the Eastern District of Texas to transfer a case to a far more convenient and fair venue. The proposition was born out of *In re Volkswagen of Am., Inc.*, 545 F.3d 304 (5th Cir. 2008) where the Fifth Circuit sitting en banc granted mandamus in a design defect case to a venue where the car in question was purchased, the accident occurred, and the witnesses resided from the Eastern District of Texas that had no meaningful connection to the cause of action. That was quickly followed by *In re TS Tech USA, Inc.*, 551 F.3d 1315 (Fed. Cir. 2008) in which the district court applied the same erroneous analysis in a patent case. Next came *In re Genentech, Inc.*, 566 F.3d 1338 (Fed. Cir. 2009), which established the related principle that the Eastern District of Texas's central location is not a proxy for convenience and fairness. To the same effect is *In re Acer America Corp.*, 626 F.3d 1252 (Fed. Cir. 2010) wherein we explained that the combination of a large number of parties being headquartered in or near the transferee venue and no party or witness in the plaintiff's chosen forum is an important consideration. Finally, this court in *In re Microsoft Corp.*, 630 F.3d 1361 (Fed. Cir. 2010) following on the heels of our decisions in *In re Zimmer Holdings, Inc.*, 609 F.3d 1378 (Fed. Cir. 2010) and *In re Hoffmann-La Roche Inc.*, 587 F.3d 1333 (Fed. Cir. 2009) stated the principle that courts should not "honor connections to a preferred forum made in anticipation of litigation and for the likely purpose of

making that forum appear convenient." *Microsoft*, 630 F.3d at 1364.

While it is true that this court has entertained the writ in this context, this court has importantly granted mandamus only where the district court has denied a transfer motion without so much as considering the merits or the court blatantly deviates from these above stated principles. On the record before us, this court cannot say that such disregard has clearly been established. Although in Apple's papers much is made of SimpleAir's recent and ephemeral connections to the Eastern District of Texas—SimpleAir incorporated in Texas and established an office one month before filing this suit—the district court gave that consideration no weight in its analysis. What is more, measured against cases like *Volkswagen*, *TS Tech*, *Genentech*, and *Acer*, there is a plausible argument that Apple did not meet its burden of demonstrating below that the transferee venue is "clearly more convenient." *See Volkswagen*, 545 F.3d at 315; *see also In re Cordis Corp.*, 769 F.2d 733, 737 (Fed. Cir. 1985) (noting that "if a rational and substantial legal argument can be made in support of the rule in question, the case is not appropriate for mandamus."). As compared to those cases in which this court granted mandamus, here there are fewer defendants in the Northern District of California and potential evidence identified in the Eastern District of Texas, along with defendants and witnesses that will find it easier and more convenient to try this case in the Eastern District of Texas. Beyond that, some reasons for transfer because of convenience and fairness in regard to pre-trial proceedings such as subpoena power to secure witnesses for deposition deserve less consideration so close to trial. *See generally Hoffmann-La Roche*, 587 F.3d at 1338 (discussing relevance of subpoena power to compel deposition). For those reasons

and Apple's delay in seeking such relief, this court denies the petition.

Accordingly,

IT IS ORDERED THAT:

The petition is denied.

FOR THE COURT

JAN 1 2 2012                                    /s/ Jan Horbaly
_____                                _____
Date                                            Jan Horbaly
                                                Clerk

cc: Gregory Steven Arovas, Esq.
    John Jeffrey Eichmann, Esq.
    Clerk, United States District Court for the Eastern
District Of Texas

s19

FILED
U.S. COURT OF APPEALS FOR
THE FEDERAL CIRCUIT

JAN 1 2 2012

JAN HORBALY
CLERK