NOTE: This order is nonprecedential.

# United States Court of Appeals for the Federal Circuit

**In re: APPLE INC.,**
*Petitioner*

2020-115

On Petition for Writ of Mandamus to the United States District Court for the Eastern District of Texas in No. 5:19-cv-00036-RWS, Judge Robert Schroeder, III.

**ON PETITION**

SEALED ORDER FILED: April 22, 2020
PUBLIC ORDER FILED: May 5, 2020[*]

Before PROST, *Chief Judge*, NEWMAN and HUGHES, *Circuit Judges.*

Dissent filed by *Circuit Judge* NEWMAN.

PER CURIAM.

**O R D E R**

---

[*]   This order originally was filed under seal and has been unsealed in full.

Apple Inc. petitions for a writ of mandamus asking this court to direct the United States District Court for the Eastern District of Texas to transfer this case to the Northern District of California.  Maxell, Ltd. opposes.

Applying law of the United States Court of Appeals for the Fifth Circuit in cases arising from district courts in that circuit, this court has held that mandamus may be used to correct a patently erroneous denial of transfer.  That standard is an exacting one, requiring the petitioner to establish that the district court's decision amounted to a failure to meaningfully consider the merits of the transfer motion. *See, e.g.*, *In re Nintendo Co.*, 589 F.3d 1194 (Fed. Cir. 2009); *In re Hoffmann-La Roche Inc.*, 587 F.3d 1333 (Fed. Cir. 2009); *In re Genentech, Inc.*, 566 F.3d 1338 (Fed. Cir. 2009); *In re TS Tech USA Corp.*, 551 F.3d 1315 (Fed. Cir. 2008); *In re Volkswagen of Am., Inc.*, 545 F.3d 304 (5th Cir. 2008) (en banc).  We are unable to say here that Apple has met that standard.

We cannot say that the district court clearly abused its discretion in concluding that the forum selection clause did not compel transfer here.  No party contends that the prior agreement controls the outcome of this case or has asserted a breach of contract claim originating from that agreement.  Notably, the express purpose of the agreement in question was the protection of confidential information related to a proposed sale of some of the asserted patents between the former patent owner and Apple, which the district court reasonably concluded was not the same as the licensing discussions at the center of this suit.

We also see no error that is mandamus-worthy in the district court's conclusion that the traditional transfer factors did not clearly weigh in favor of transfer.  The district court reasonably considered that it had gained "some familiarity with the Asserted Patents and the accused technologies" based on the district court judge's experience in "prior cases involving Maxell and the Asserted Patents,"

which could not be said for the transferee forum.  The court also found meaningful connections between this case and the Eastern District of Texas, including (a) Maxell's affiliate having sources of proof in that district; (b) the fact that Maxell's agent and representative for licensing negotiations with Apple concerning some of the patents resides in the Eastern District of Texas, making trial more convenient in that district with regard to his testimony; and (c) several third-party entities located in the district that may have relevant documents and witnesses that were within the subpoena power of the district court.

Accordingly,

IT IS ORDERED THAT:

The petition is denied.

FOR THE COURT

April 22, 2020                    /s/ Peter R. Marksteiner
     Date                         Peter R. Marksteiner
                                  Clerk of Court

s35

NOTE: This order is nonprecedential.

# United States Court of Appeals
# for the Federal Circuit

---

**In re: APPLE INC.,**
*Petitioner*

---

2020-115

---

On Petition for Writ of Mandamus to the United States District Court for the Eastern District of Texas in No. 5:19-cv-00036-RWS, Judge Robert Schroeder, III.

---

NEWMAN, *Circuit Judge*, dissenting.

This patent infringement suit against Apple, Inc. was filed by Maxell, Ltd., a subsidiary of Hitachi, Ltd., in the United States District Court for the Eastern District of Texas. Various issues are described as requiring determination of rights and obligations governed by an agreement made in 2011 between Apple and Hitachi. That Agreement contains the following clause:

> (d) This Agreement shall be construed and controlled by the laws of the State of California, irrespective of choice of law revisions and the parties further consent to exclusive jurisdiction and venue in the federal courts sitting in Santa Clara County, California, unless no federal subject matter jurisdiction exists, in which case the parties consent to the exclusive jurisdiction and venue in the Superior Court of Santa Clara County, California. The

parties waive all defenses of lack of personal juris-diction and *forum non conveniens* with respect to these jurisdictions.

2011 Agreement at 4.  The Texas district court describes the question of the relation between the 2011 Agreement and a June 25, 2013 letter sent to Apple:

Maxell asserts that Apple willfully infringed the Asserted Patents based on [a] June 25, 2013 letter Hitachi sent to Apple.  Apple contends that the 2013 letter was protected by the Confidentiality Agreement.  To Apple, by relying on the 2013 letter as notice of infringement, "there is a dispute be-tween Apple and Maxell relating to the applicabil-ity of the 2011 agreement to the 2013 letter[, and t]his dispute should be resolved in NDCA under the 2011 agreement's forum-selection and choice-of-law clauses."

Dist. Ct. Order at 6 (alteration in original).  The Texas dis-trict court analyzed the 2011 Agreement and applying it to this case.  The district court states:

[T]he Confidentiality Agreement establishes that a party may disclose its own information as it chooses, including Assertion Material, but a Re-ceiving Party generally may not disclose the other party's information, except for Assertion Material asserted by the other party against it.

Confidential Information is limited to "any non-public information consistent with the Purpose above that a party to this Agreement ('Disclosing Party') designates as being confidential to the party that receives such information ('Receiving Party') . . . ."  *Id.*  The Agreement goes on to estab-lish that the Disclosing Party controls the disclo-sure and designation of information as Confidential Information.  *See, e.g., Id.* at 3–4

> (placing all "Obligations Regarding Confidential Information" on the Receiving Party). Finally, the Confidentiality Agreement establishes that "[a]ll Confidential Information is and shall remain the property of the original owners. . . . Disclosing Party reserves without prejudice the ability to protect its rights under any such patents, copyrights, trademarks, or trade secrets unless as expressly provided herein." *Id.* at 4–5. Thus, whether or not the 2013 letter is Assertion Material, the Disclosing Party and its successor (Hitachi and Maxell, respectively) is free to disclose the letter as it sees fit, including to support willful infringement claims.

Dist. Ct. Order at 8–9 (second alteration in original).

The Texas district court, in analyzing and interpreting the 2011 Agreement, does not purport to apply California law, although the 2011 Agreement states that "the Agreement shall be construed and controlled by the laws of the State of California." *See supra.* And the 2011 Agreement explicitly requires that exclusive jurisdiction is in the "federal courts sitting in Santa Clara County, California" or if there is no federal cause of action, then in "the Superior Court of Santa Clara County, California." *Id.*

The bedrock rule concerning forum selection clauses is that when the parties choose the forum for resolution of any future dispute involving the Agreement, that choice must be respected. Although we see transfer motions on the ground of *forum non conveniens*, I recall none where a choice of forum was challenged. The Supreme Court has well recognized the distinction between the agreed choice of forum, and the vagaries of *forum non conveniens*. The Court has summarized:

> In the typical case not involving a forum-selection clause, a district court considering a § 1404(a) motion (or a *forum non conveniens* motion) must

evaluate both the convenience of the parties and various public-interest considerations.

\* \* \*

The calculus changes, however, when the parties' contract contains a valid forum-selection clause, which "represents the parties' agreement as to the most proper forum." *Stewart*, 487 U.S., at 31, 108 S. Ct. 2239. The "enforcement of valid forum-selection clauses, bargained for by the parties, protects their legitimate expectations and furthers vital interests of the justice system." *Id.*, at 33, 108 S. Ct. 2239 (Kennedy, J., concurring). For that reason, and because the overarching consideration under § 1404(a) is whether a transfer would promote "the interest of justice," "a valid forum-selection clause is given controlling weight in all but the most exceptional cases." *Id.*, at 33, 108 S. Ct. 2239.

*Atlantic Marine Const. Co. v. U.S. Dist. Court for W. Dist. of Texas*, 571 U.S. 49, 62–63 (2013).

Despite the importance of the parties' choice of forum, and the Court's recognition that this choice is given controlling weight, my colleagues decline to respect the forum selected by the parties for these issues. Instead, the district court and now my colleagues analyze the facts and confidentiality situation consigned to California, decide their merits, apparently under Texas law, and upon this decision, they reject the form selection clause in the agreement they are interpreting. That is as improper as it is illogical.

In purporting to decide whether to respect the parties' contractual selection of forum for issues involved in the contract, my colleagues decide the merits of those issues, and then announce that the merits will not be decided under the terms to which the parties agreed at the time of contracting, that is, under California law in a federal or

state court located in California.  Issues of disclosure and confidentiality are matters of state law.  The merits of these contested and complex factual issues require trial, not adverse decision on brief motion papers.  Nonetheless, by agreement of the parties, these merits are consigned to California law in a federal or state court located in California.

For state law issues such as the laws of confidentiality and commerce, the choice of law may be critical.  There is a long and uncontroversial history of the rights of commercial parties to agree on the forum and law to apply should dispute arise.  Surely a party to such agreement can expect that this choice will be respected.

My colleagues err in ruling that this selection of California law, and a federal or state court located in California does not apply because there are additional issues in the case.  Although Maxell apparently successfully shifted the issue to one of *forum non conveniens,* the laws of contracts and the rules of commerce require respect for the Agreement that these parties made in 2011.  *See Omron Healthcare, Inc. v. Maclaren Exports Ltd.*, 28 F.3d 600, 603 (7th Cir. 1994) ("The dominant policy in contract cases is enforcing the parties' agreement, the better to promote commerce." (citing *M/S Bremen v. Zapata Off-Shore Co.*, 407 U.S. 1, 9 1972)).

The proper approach, when it appears that issues related to the 2011 Agreement are relevant to this dispute, is to respect the choice-of-law and forum-selection clauses.  It is not disputed that California law applies to the information and confidentiality issues that we are told are likely to require resolution.  The parties' agreement to a federal or state court located in California must be respected as a matter of contract law, and as a foundation of commercial activity supported by reliable judicial process.

The integrity of contracts is the foundation of commerce.   Here the contract is between two competent

commercial entities, Apple and Maxell's parent Hitachi. There is no representation of any impropriety in the 2011 Agreement.* The judicial obligation is to enforce such contracts. From my colleagues' denial of the petition for transfer, I respectfully dissent.

---

\*    It is not disputed that four of Maxell's claims of willful infringement are based on "notice allegedly provided to Apple during discussions in 2013" and subject to the 2011 Agreement.  Apple Reply at 3.   My colleagues agree with Apple that "Apple invites this court to interpret the agreement's preamble, construe defined terms, delve into the meaning of the parties' communications; evaluate the scope of the disclosure prohibition; and ultimately summarily dispose of Apple's contractual defense against Maxell's willfulness claims." *Id.* at 4.  However, although these matters of interpretation and application of the agreement are consigned to the California forum, my colleagues decide them here, on motion papers, and decide not to permit decision under California law in a federal or state court located in California.  This cannot have been the parties' intention when they entered into this contract.