**GREATER DEVELOPMENT COMPANY OF CONNECTICUT, INC.,
Plaintiff, Appellant,**

v.

**Elizabeth A. AMELUNG et al.,
Defendants, Appellees.**

**No. 72–1240.**

United States Court of Appeals,
First Circuit.

Submitted Dec. 21, 1972.

Decided Jan. 11, 1973.

Hiller B. Zobel, Lexington, Mass., and Brown, Rudnick, Freed & Gesmer, Boston, Mass., for appellees, Matthew Brown and Kenneth A. Korb on motion for summary disposition and memorandum in support thereof.

David E. Kamins, Hartford, Conn., for appellant on memorandum in opposition to motion for summary disposition.

Before COFFIN, Chief Judge, ALDRICH and McENTEE, Circuit Judges.

PER CURIAM.

A suit by a Massachusetts corporation, involving Massachusetts real estate, was brought against one of the present defendants in 1968 and was dismissed with prejudice on January 12, 1972. On January 25, 1972, four hours before the instant suit was filed in the district court, a Connecticut corporation, the present plaintiff, was formed, the major or sole stockholder being the same person who was the sole stockholder of the Massachusetts corporation. The complaint alleges that plaintiff purchased all the assets of the Massachusetts corporation, but a hearing before the district court disclosed no other assets, payroll, or activities. The complaint also alleges that the Massachusetts corporation is being dissolved. On these facts, the court concluded that the assignment of the cause of action to the plaintiff was an improper assignment to manufacture federal diversity jurisdiction in violation of 28 U.S.C. § 1359. Appellees now move for summary disposition.

Our reading of the proceedings in this case convinces us that the district court's conclusion is supported by both the evidence and the law. Cf. Kramer v. Caribbean Mills, Inc., 394 U.S. 823, 89 S.Ct. 1487, 23 L.Ed.2d 9 (1969).

Appellant, in opposing the motion, seeks to avoid that conclusion by invoking Black and White Taxi Cab Co. v. Brown and Yellow Taxi Cab Co., 276 U.S. 518, 48 S.Ct. 404, 72 L.Ed. 681 (1928) for the rule that where a transfer of a claim or asset is real, and not feigned or merely colorable, Miller & Lux v. East Side Canal & Irrigation Co., 211 U.S. 293, 29 S.Ct. 111, 53 L.Ed. 189 (1908), courts will not inquire into motives and jurisdiction will lie. We do not read *Black and White Taxi Cab*, which has been roundly criticized, *see* Wright, Law of Federal Courts, 103, 222 (1970); ALI, Study of the Division of Jurisdiction between State and Federal Courts 159 (1969); O'Brien v. Avco Corp., 425 F.2d 1030, 1034 (2d Cir. 1969), as standing for such a broad proposition. Rather we think it stands for the proposition that when a corporation conducting an on-going business transfers all its assets and its business to another corporation, and the transferor is dissolved, diversity jurisdiction will exist, even though the shareholders of the two corporations are the same, and the purpose of the transfer is to obtain diversity of citizenship. Here admittedly the transfer is real, the transferor has been dissolved and the shareholder is the same. However, the claim which is the basis of this suit was the only asset transferred, and, as far as the record shows, the only asset of the new corporation, which apparently has no payroll and no other activities. To extend an already eroded case like *Black and White, see Kramer, supra,* to this situation would be to destroy the meaning of this salutary and long-standing statute.

The judgment is affirmed under our rule 12.