943 F.2d 57
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 David Allen FULLERTON, Plaintiff-Appellant,
v.
Gary D. MAYNARD, Jerry Johnson, J. Robert Dille, Tom
Lovelace, H.N. "Sonny" Scott, Ron Ward, John Grubbs, Ester
Matthews, Danny Alexander, Glenn E. Moody, John Preston
McDaniels, Stan Ware, Deloris Brigance, Tom Grace, "Kitty"
Le Beau, Richard Morton, Carmen Adams, David Beal, and J.
Hathaway, Defendants-Appellees.
 No. 91-7002.
 United States Court of Appeals, Tenth Circuit.
 Aug. 29, 1991.
 
 Before STEPHEN H. ANDERSON, TACHA and BRORBY, Circuit Judges.
 ORDER AND JUDGMENT*
 TACHA, Circuit Judge.
 
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 2
 Plaintiff-appellant David Fullerton appeals a district court order dismissing his civil rights action brought under 42 U.S.C. § 1983 for lack of proper venue. Fullerton raises three separate issues on appeal. He first contends that the district court erred in holding that his amended complaint did not reference or incorporate allegations contained in his original complaint. Second, Fullerton contends that the district court erred in denying his motion to withdraw his amended complaint. Finally, Fullerton argues that the district court erred in dismissing the action for lack of proper venue.
 
 
 3
 Fullerton filed an action in United States District Court for the Eastern District of Oklahoma pursuant to 42 U.S.C. § 1983 alleging officials at the Jackie Brannon Correctional Center (JBCC) in McAlester, Oklahoma were deliberately indifferent to his serious medical needs. McAlester is located in the Eastern District of Oklahoma. The complaint was filed on April 18, 1990. The district court ordered a Special Report on April 24, 1990 and stayed the action until its completion.
 
 
 4
 On April 13, 1990, Fullerton was transferred to the Clara Waters Community Treatment Center (CWCTC) in Oklahoma City, Oklahoma. Oklahoma City is located in the Western District of Oklahoma. On May 11, 1990, Fullerton filed an amended complaint asserting several claims not previously asserted in his original complaint. Among these claims, Fullerton asserts he was transferred from JBCC to CWCTC in retaliation for filing a civil rights lawsuit and that the transfer denied and delayed his access to the courts. The amended complaint names four defendants not named in the original complaint and refers to these defendants as "additional defendants." Copies of the amended complaint were not served on the defendants named in the original complaint. Although the defendants named in the amended complaint were served with copies of that document, they were not served with the original complaint.
 
 
 5
 On July 31, 1990, Fullerton filed a motion to withdraw his amended complaint. In this motion, he explained that he had filed the amended complaint intending to include additional violations of his constitutional rights and present newly discovered evidence supporting his original allegations.
 
 
 6
 On December 5, 1990, the district court entered an order dismissing Fullerton's action based on improper venue. The court stated that "an amended complaint supersedes and replaces the original complaint and renders it a nullity, unless the amended complaint specifically refers to or adopts the earlier pleading." The court determined Fullerton's amended complaint "did not reference or incorporate those allegations contained in the original complaint" and thus these claims had been abandoned by Fullerton. Based on his reading of the amended complaint, the district judge determined "all defendants reside in the Western District of Oklahoma and the asserted claims arose in the Western District of Oklahoma" and thus, according to the general venue provisions of 28 U.S.C. § 1391(b), venue was improper in the Eastern District of Oklahoma. In this order, the district court also denied Fullerton's motion to withdraw his amended complaint.
 
 
 7
 It is a well-established general rule that an amended complaint, filed pursuant to Federal Rules of Civil Procedure Rule 15(a), supersedes the complaint it modifies and renders the prior complaint of no legal effect. See Boelens v. Redman Homes, Inc., 759 F.2d 504, 508 (5th Cir.1985); Cameron v. Fogarty, 705 F.2d 676 (2d Cir.1983); London v. Coopers & Lybrand, 644 F.2d 811 (9th Cir.1981); 6 C. Wright, A. Miller & M. Kane, Federal Practice and Procedure § 1476 (1990). However, pursuant to Rule 10(c), specific allegations of the prior complaint may be referenced or incorporated by the amended complaint, but only if reference to allegations in the prior complaint is direct and specific. King v. Atiyeh, 814 F.2d 565, 567 (9th Cir.1987); Aktiebolaget Stille-Werner v. Stille-Scanlan, Inc., 1 F.R.D. 395 (S.D.N.Y.1940); 5 C. Wright & A. Miller, Federal Practice and Procedure § 1326 (1990). While Fullerton, a pro se plaintiff, is entitled to have his pleadings construed liberally, he nevertheless is subject to the same rules of procedure that govern other litigants. King, 814 F.2d at 567. Although Fullerton's amended complaint mentions the existence of a prior original complaint and refers generally to the "informal relief" sought in that complaint, the amended complaint makes no explicit and direct reference to specific allegations of the original complaint. Therefore, we agree with the district court's holding that the amended complaint supersedes allegations of the original complaint.
 
 
 8
 We now address the district court's denial of Fullerton's motion to withdraw his amended complaint. The decision whether to allow a litigant to withdraw a pleading is within the district court's sound discretion. Cf. Leaseamerica Corp. v. Eckel, 710 F.2d 1470, 1473 (10th Cir.1983) (leave to amend a complaint is within the sound discretion of the trial court). After the district court granted leave for Fullerton to amend his original complaint, investigations related to the Special Report were revised to address only allegations of the amended complaint. In its order denying Fullerton's motion to withdraw his complaint, the district court noted that to allow Fullerton to withdraw his amended complaint would require a further revision of the Special Report investigations. Therefore, the district court did not abuse its discretion in denying Fullerton's motion.
 
 
 9
 Finally, we review de novo the district court's legal determination that venue is not proper in the Eastern District of Oklahoma. In re Ruti-Sweetwater, Inc., 836 F.2d 1263, 1266 (10th Cir.1988) (questions of law reviewed de novo by the appellate court). Because the amended complaint supersedes the original complaint, proper venue in the Eastern District of Oklahoma must be established from facts alleged in the amended complaint. Based on a liberal construction of Fullerton's amended complaint, Count II of that complaint appears to allege facts sufficient to state a claim that arose at JBCC in the Eastern District of Oklahoma. In Count II, Fullerton alleges that he was told of his transfer from JBCC to CWCTC shortly after requesting funds necessary to bring this civil rights action. He further alleges that the transfer was in retaliation for his intent to file the civil rights action and was intended to "deny and delay access to the courts."
 
 
 10
 Several courts have recognized a prisoner's claim under 42 U.S.C. § 1983 for an interprison transfer ordered in retaliation for the prisoner's exercise of the constitutional right to petition the courts. Rizzo v. Dawson, 778 F.2d 527, 532 (9th Cir.1985); McDonald v. Hall, 610 F.2d 16, 18 (1st Cir.1979); Furtado v. Bishop, 604 F.2d 80, 89 (1st Cir.1979); Garland v. Polley, 594 F.2d 1220, 1222-23 (8th Cir.1979). Count II of appellant's amended complaint states a retaliatory transfer claim that arose at JBCC, making venue proper in the Eastern District of Oklahoma.[1] However, we are not satisfied from our review of the record that Fullerton's alleged retaliatory transfer is properly attributable to one of the defendants who are named in the amended complaint and who were served with a copy of that complaint. Therefore, we remand to the district court for a determination whether Fullerton's alleged retaliatory transfer may be attributed to one of the defendants named in the amended complaint.
 
 
 11
 The district court's holding that Fullerton's amended complaint supersedes the original complaint is AFFIRMED. The district court's denial of appellant's motion to withdraw his amended complaint is AFFIRMED. We REMAND to the district court for a determination whether Fullerton's alleged retaliatory transfer is attributable to a defendant named in the amended complaint and for a resolution of the case consistent with this opinion. The mandate shall issue forthwith.
 
 
 
 *
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3
 
 
 [1]
 In making its decision, the district court relied on the version of 28 U.S.C. § 1391(b) that was effective prior to December 1, 1990, which states,
 A civil action wherein jurisdiction is not founded solely on diversity of citizenship may be brought only in the judicial district where all defendants reside, or in which the claim arose, except as otherwise provided by law.
 28 U.S.C. § 1391(b) (1988) (emphasis added). This provision was amended by the Judicial Improvements Act of 1990, Pub.L. 101-650, § 311, 104 Stat. 5114 (1990), and now provides the following:
 A civil action wherein jurisdiction is not founded solely on diversity of citizenship may, except as otherwise provided by law, be brought only if (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought.
 28 U.S.C.A. § 1391(b) (West Supp.1991) (emphasis added). Because we are of the opinion that Fullerton's retaliatory transfer claim could establish venue based on either the original or amended versions of section 1391(b), we decline to decide whether the amended version should be applied retroactively.