# United States Court of Appeals for the Federal Circuit

---

**IN RE MICROSOFT CORPORATION,**
*Petitioner.*

---

Miscellaneous Docket No. 944

---

On Petition for Writ of Mandamus to the United States District Court for the Eastern District of Texas in case no. 09-Cv-0366, Judge Leonard Davis.

---

NONPRECEDENTIAL ORDER ISSUED:  November 8, 2010
PRECEDENTIAL ORDER ISSUED: January 5, 2011

---

## ON PETITION FOR WRIT OF MANDAMUS

---

DAVID J. LENDER, Weil, Gotshal & Manges LLP, of New York, New York, for petitioner.  With him on the petition were PAUL E. TORCHIA and STEVEN KALOGERAS; AMBER H. ROVNER, of Houston, Texas; and STACY QUAN, Microsoft Corporation, of Redmond, Washington.

CHRIS P. PERQUE, Gardere Wynne Sewell LLP, of Houston, Texas, for respondent Allvoice Developments US, LLC. With him on the response was STACY R. OBENHAUS, of Dallas, Texas.

Before NEWMAN, FRIEDMAN, and LOURIE, *Circuit Judges*.

PER CURIAM.

# **O R D E R**

This is a petition for a writ of mandamus from an order denying a motion to transfer pursuant to 28 U.S.C. § 1404(a). That section authorizes a district court of proper jurisdiction to nevertheless transfer a case "for the convenience of parties and witnesses, in the interest of justice." Because the record plainly shows that the United States District Court for the Western District of Washington is clearly more convenient and fair for trial and that the determination of the United States District Court for the Eastern District of Texas denying transfer was reached by a clear abuse of discretion, we grant the petition and direct transfer.

## I.

This case arises out of a patent infringement suit against the petitioner-defendant, Microsoft Corporation, brought by the respondent-plaintiff, Allvoice Develop-ments U.S., LLC. Specifically, Allvoice's complaint asserts that speech recognition functionality in Microsoft's XP and Vista operating systems infringe U.S. Patent No. 5,799,273 entitled "Automated Proofreading Using Interface Linking Recognized Words to Their Audio Data While Text is Being Changed."

Allvoice brought this suit in the Eastern District of Texas. Allvoice is operated from the United Kingdom by the patent's co-inventor and company's managing member, John Mitchell. Although Allvoice now maintains an office in Tyler, Texas, it is not disputed that the entity does not employ individuals in those offices or anywhere in the

United States. Allvoice's website directs requests and inquiries to its Texas office, and Mitchell then answers those requests and inquiries from the U.K.

Microsoft moved to transfer the case to the Western District of Washington, where it maintains its corporate headquarters and where a substantial portion of its employees and its operations are located. Microsoft's motion indicated that all of its witnesses relating to sales, marketing and product direction and prior art speech recognition technology reside in the Western District of Washington. Microsoft also indicated that all of its relevant documents and evidence relating to the marketing, development, and design of the accused products are located within the Western District of Washington.

The Eastern District of Texas denied that motion. The district court explained that both districts had a local interest in adjudicating this matter because Allvoice maintained offices in the Eastern District of Texas and was incorporated under the laws of Texas. With regard to the witnesses, the district court weighed the factor slightly against transfer because Allvoice had identified potential non-party witnesses not in the Eastern District of Texas but rather in New York, Massachusetts, and Florida who, according to the court, would find Texas more convenient for trial. Finally, with regard to the sources of proof, the district court weighed this factor only slightly in favor of transfer because Allvoice had said its documents were maintained in the Eastern District of Texas.

## II.

A motion to transfer under § 1404(a) calls upon the trial court to weigh a number of case-specific factors relating to the convenience of the parties and witnesses, and the proper administration of justice, based on the individualized facts on record. *See Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22,

29 (1988). Although a trial court has great discretion in these matters, we have applied Fifth Circuit law in cases arising from district courts in that circuit to hold that mandamus may issue when the trial court's application of those factors amounts to a clear abuse of discretion. *See, e.g.*, *In re Nintendo Co.*, 589 F.3d 1194 (Fed. Cir. 2009); *In re Hoffmann-La Roche Inc.*, 587 F.3d 1333 (Fed. Cir. 2009); *In re Genentech, Inc.*, 566 F.3d 1338 (Fed. Cir. 2009); *In re TS Tech USA Corp.*, 551 F.3d 1315 (Fed. Cir. 2008).

Thus, in *Genentech*, this court granted mandamus when the trial court relied on its central proximity to the witnesses and parties rather than a meaningful application of the factors. 566 F.3d at 1344. We determined that the factors should conform to the fact that a significant number of witnesses and parties were actually located within the transferee venue and could be deposed and testify without significant travel or expense, while no witness or party was located within the plaintiff's chosen forum. *Id.* at 1345. We held that the trial court's application of the factors was patently erroneous, in part because a denial of transfer would require every witness to expend significant time and cost in order to attend trial.

This case is in many respects analogous to *Genentech*. As in that case, there is a stark contrast in convenience and fairness with regard to the identified witnesses. All individuals identified by Microsoft as having material information relating to the patents reside within 100 miles of the Western District of Washington. Thus, these witnesses would not have to undergo considerable cost and expense to testify and would also be subject to that district's subpoena powers. Meanwhile, Allvoice has identified fourteen witnesses, twelve who reside outside Texas and two who are local Eastern Texas businessmen who bought or used the accused Microsoft products and are not repre-sented as having any knowledge of the patent or the issues of the suit.

Thus, maintaining trial in the Eastern District of Texas would similarly require witnesses to undergo the cost, time, and expense of travel to attend trial, which would be significantly minimized if this case were transferred to the Western District of Washington.

Allvoice nevertheless urges that this case is distinguishable from *Genentech*. Allvoice contends that unlike the plaintiff in that case, it has an established presence in the Eastern District of Texas. Allvoice's argument, however, rests on a fallacious assumption: that this court must honor connections to a preferred forum made in anticipation of litigation and for the likely purpose of making that forum appear convenient.

The Supreme Court has long urged courts to ensure that the purposes of jurisdictional and venue laws are not frustrated by a party's attempt at manipulation. Thus, in *Miller & Lux, Inc. v. East Side Canal & Irrigation Co.*, 211 U.S. 293 (1908), the Supreme Court held that a corporation could not create federal diversity jurisdiction by merely assigning its claim to an otherwise fictitious subsidiary for just that purpose. *See also Lehigh Min. & Mfg. Co. v. Kelly*, 160 U.S. 327 (1895) (same); *see also Morris v. Gilmer*, 129 U.S. 315, 328 (1889) ("Upon the evidence in this record, we cannot resist the conviction that the plaintiff had no purpose to acquire a domicile or settled home in Tennessee and that his sole object in removing to that state was to place himself in a situation to invoke the jurisdiction of the circuit court of the United States.").

More recently, in *Hertz Corp. v. Friend*, 130 S.Ct. 1181 (2010) the Court stated in the context of an inquiry into a corporation's principal place of business for diversity jurisdiction purposes:

> If the record reveals attempts at manipulation — for example, that the alleged, 'nerve

center' is nothing more than a mail drop box, a bare office with a computer, or the location of an annual executive retreat — the court should instead take as the 'nerve center' the place of actual direction, control, and coordination, in the absence of such manipulation.

*Id.* at 1195.

This court has diligently followed these principles in matters of transfer. Thus, in *Hoffmann-La Roche*, we noted that in anticipation of litigation, the plaintiff's counsel in California transferred 75,000 pages of pertinent documents to the offices of its litigation counsel in Texas and then asserted that the location of those documents was a factor that favored not transferring the case from the Eastern District of Texas. 587 F.3d at 1337. We held that the assertion that those documents were "Texas" documents was a fiction that appeared to be created to manipulate the propriety of venue and that it was entitled to no weight in the court's venue analysis. *Id.*

Allvoice contends that its connections to the Eastern District of Texas are distinguishable from *Hoffmann-La Roche*. Allvoice explains that its principal place of business is in the Eastern District of Texas, which is where its documents are maintained rather than in its counsel's offices. This argument was accepted by the trial court without scrutiny.

But we recently rejected such an argument in *In re Zimmer Holdings, Inc.*, 609 F.3d 1378 (Fed. Cir. 2010). There, we held that the transfer of documents to a company's offices in anticipation of litigation rather than to litigation counsel was a distinction without a difference for purposes of a § 1404(a) analysis. *Id.* at 1381. We further explained that, similar to Allvoice's offices here, the offices in *Zimmer* staffed no employees, were recent, ephemeral,

and a construct for litigation and appeared to exist for no other purpose than to manipulate venue. *Id.*

The only added wrinkle is that Allvoice took the extra step of incorporating under the laws of Texas sixteen days before filing suit. But that effort is no more meaningful, and no less in anticipation of litigation, than the others we reject.

In *Koster v. Lumbermens Mutual Casualty Co.*, 330 U.S. 518 (1947), the Supreme Court explained that "[u]nder modern conditions corporations often obtain their charter from states where they no more than maintain an agent to comply with local requirements, while every other activity is conducted far from the chartering state." *Id.* at 527-28. The Court further explained that the "[p]lace of corporate domicile in such circumstances might be entitled to little consideration" under the doctrine of forum non conveniens, "which resists formalization and looks to the realities that make for doing justice." *Id.* at 528.

Here, the realities make clear that the Western District of Washington is comparatively the only convenient and fair venue in which to try this case.

Allvoice presents arguments why mandamus should not issue. We have carefully considered these arguments, but find them unpersuasive. We note that Allvoice asserts that Microsoft's attempt to also transfer this case to the United States District Court for the Southern District of Texas should be weighed against mandamus. Because the thrust of that motion was to transfer the case to a court that had previous experience adjudicating the patent, we cannot say that any asserted inconsistency with regard to the convenience of trial in the state of Texas as a whole should preclude transfer to a venue that is far more convenient and fair.

Accordingly,

IT IS ORDERED THAT:

The petition for a writ of mandamus is granted. The district court shall vacate its order denying Microsoft's motion to transfer and transfer the case to the Western District of Washington.

FOR THE COURT


| January 5, 2011 | /s/ Jan Horbaly |
|---|---|
| Date | Jan Horbaly<br>Clerk |


cc:    David J. Lender, Esq.
        Chris P. Perque, Esq.
        Clerk, United States District Court for the Eastern
District of Texas