NOTE:  This order is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**IN RE TOA TECHNOLOGIES, INC.,**
*Petitioner.*

---

Miscellaneous Docket No. 153

---

On Petition for Writ of Mandamus to the United States District Court for the Eastern District of Texas in No. 12-CV-0712, Judge J. Rodney Gilstrap.

---

**ON PETITION**

---

Before DYK, MOORE, and TARANTO, *Circuit Judges.*

DYK, *Circuit Judge.*

### O R D E R

TOA Technologies, Inc. ("TOA") petitions for a writ of mandamus directing the United States District Court for the Eastern District of Texas to vacate its April 18, 2013 order denying petitioner's motion to transfer venue, and to direct the court to transfer the case to the United States District Court for the Northern District of Ohio. CSG Systems, Inc. ("CSG") opposes. For the reasons that follow, we grant the petition for a writ of mandamus and direct the district court to transfer.

BACKGROUND

CSG, a Delaware corporation, headquartered in Denver, Colorado, brought this patent infringement suit against TOA in the Eastern District of Texas. CSG's complaint asserts two related patents, both of which disclose methods for assigning service requests to mobile field technicians based on the skills of available technicians and the time required to complete each service request.

TOA, a Delaware corporation headquartered in Beachwood, Ohio, moved to transfer venue to the Northern District of Ohio pursuant to 28 USC § 1404(a). That statute provides that a district court may transfer a case "for the convenience of parties and witnesses, in the interest of justice." The parties stipulated that neither has ever maintained an office or had any employees in the Eastern District of Texas. TOA argued that the accused product was invented and developed in Beachwood, Ohio, the majority of TOA's witnesses and documents reside in Ohio, and there is a strong local interest in deciding this matter in Ohio.

CSG opposed the motion, contending that several TOA employees live in Texas, and other relevant TOA personnel live outside of Ohio, including in the Ukraine, where the technical design of the accused product is currently performed. CSG further argued that the bulk of the relevant TOA documents are stored electronically on servers in Miami, Florida and can be accessed from anywhere via the cloud.

Following an evidentiary hearing on the venue motion, the district court concluded that TOA had not met its burden of demonstrating that the Northern District of Ohio was clearly more convenient than the Eastern District of Texas, and denied the motion to transfer. With regard to the sources of proof, the district court noted that with the exception of certain notebooks maintained in

hard copy "the vast majority of the Defendant's documentation is–stored electronically" and that this digital information is "effectively stored everywhere, including the Eastern District of Texas[.]"

Although "neither party is headquartered in the Eastern District of Texas" and "TOA has 55 employees in its Beachwood, Ohio office," the court concluded that the convenience of witnesses did not weigh in favor of transfer. In doing so, the court noted that the defendants had five employees who reside and work in the state of Texas and the plaintiff had at least one employee with potential relevant information who resided in San Antonio, Texas. The court added that many of the technical programmers who worked on the accused products likely reside in the Ukraine.

The court acknowledged that TOA had identified some ex-chief financial officers of the company who could be compelled to testify in the Northern District of Ohio. However, because in the view of the court the defendants had not established the relevance of their supposed knowledge or that the evidence would not be duplicative, the court found the compulsory process factor neutral.

Finally, as to any local interest in the case, the court acknowledged that TOA has many employees in the Cleveland, Ohio area. Nonetheless, the court concluded that this factor was neutral if not slightly against transfer because "Beachwood is but a suburb and a part of the larger Cleveland metropolitan area," which in the view of the court did not establish any localized interest. Additionally, the court explained that "[t]he accused product is sold and used by customers all over the United States, including the Eastern District of Texas."

## DISCUSSION

Applying Fifth Circuit law in cases arising from district courts in that circuit, this court has repeatedly held that

mandamus may be used to correct a patently erroneous denial of transfer. *See In re Microsoft Corp.*, 630 F.3d 1361 (Fed. Cir. 2010); *In re Acer Am. Corp.*, 626 F.3d 1252 (Fed. Cir. 2010); *In re Nintendo Co., Ltd.*, 589 F.3d 1194 (Fed. Cir. 2009); *In re Genentech, Inc.*, 566 F.3d 1338 (Fed. Cir. 2009); *In re TS Tech USA Corp.*, 551 F.3d 1315 (Fed. Cir. 2009); *accord In re Volkswagen of Am., Inc.*, 545 F.3d 304 (5th Cir. 2008) (en banc).

Section 1404(a) serves to "prevent the waste of time, energy and money and to protect litigants, witnesses and the public against unnecessary inconvenience and expense[.]" *Van Dusen v. Barrack*, 376 U.S. 612, 616 (1964). Consistent with that purpose, both this court and the Fifth Circuit have made clear that "[a] motion to transfer venue *should be granted* if 'the movant demonstrates that the transferee venue is 'clearly more convenient[.]'" *In re Radmax, Ltd.*, 720 F.3d 285, 288 (5th Cir. 2013) (citing *Volkswagen*, 545 F.3d at 315) (emphasis added); *Nintendo*, 589 F.3d at 1197 (same).

There are a number of factors to consider in deciding a motion to transfer, but only four that warrant attention here.[1] Those factors are: (1) the relative ease of access to sources of proof'; (2) the cost of attendance for willing witnesses; (3)  the availability of compulsory process to secure the attendance of witnesses decided at home; and

---

[1]  The remaining factors are: (1) all other practical problems that make trial of a case easy, expeditious, and inexpensive; (2) the administrative difficulties flowing from court congestion; (3) the familiarity of the forum with the law that will govern the case; and (4) the avoidance of unnecessary problems of conflicts of interest or in the application of foreign law. *See Radmax*, 720 F.3d at 288.  The parties do not dispute any of these factors, and we discern no error in the district court's conclusion that those considerations favored neither venue.

(4) the local interest in having localized interests decided at home. *Radmax*, 720 F.3d at 287-88.

Turning first to the sources of proof, the district court assigned substantial weight to the fact that "the vast majority of the Defendant's documentation is–stored electronically" and that this digital information is "effectively stored everywhere, including the Eastern District of Texas[.]" However, this does not negate the significance of having trial closer to where TOA's physical documents and employee notebooks are located. The critical inquiry "is relative ease of access, not absolute ease of access." *Radmax*, 720 F.3d at 288. Since no party is headquartered in the Eastern District of Texas, and the existence of physical sources of proof in the Northern District of Ohio makes that venue more convenient for trial, this factor should have been weighed in favor of transfer.

On the remaining factors, the district court similarly failed to conduct its analysis in terms of relative convenience. For instance, the district court did not weigh the convenience of witnesses in favor of transfer even though the parties stipulated to the fact that no witness was identified as residing in the Eastern District of Texas, and there was evidence that at least seven witnesses expecting to participate at trial reside well within 100 miles of the Northern District of Ohio.[2] The parties also stipulated to the fact that it could cost approximately twice as much for CSG's own witnesses to travel to the Eastern District of Texas than it would to travel to the Northern District of Ohio. While the district court viewed some of the parties' employees in the state of Texas as having relevant information, the potential for inconvenience to

---

[2] Testimony reflects that TOA's office is an approximate 25 minute drive to the Northern District of Ohio courthouse.

witnesses still favors transfer, because none of those witnesses resides within 100 miles of the Eastern District of Texas and the majority of witnesses would find the Northern District of Ohio less inconvenient and costly to travel for trial.[3]

Moreover, because party witnesses and three former chief financial officers of TOA were identified as residing within 100 miles of the Northern District of Ohio, transfer ensures that these individuals could be compelled to appear for both deposition and trial. Fed. R. Civ. P. 45(c)(3)(A)(ii). The Eastern District of Texas, by contrast, was not identified as being able to compel such testimony from any of the prospective witnesses.

Finally, the Northern District of Ohio has a local interest in deciding this matter. TOA continues to be headquartered in Beachwood, Ohio, maintaining 55 employees, including most of TOA's top executives. Meanwhile, there is no apparent connection between this case and the Eastern District of Texas except for the fact that the accused products are sold there.

In *Hoffmann-LaRoche,* this court concluded that the "the sale of an accused product offered nationwide does not give rise to a substantial interest in any single venue." 587 F.3d at 1338. We have accordingly held in cases

---

[3] TOA argues persuasively that none of the Texas employees are likely to testify at trial, pointing out that one of the employees had been employed for only three months at the time of the transfer hearing. The court additionally notes that in the unlikely event that any of TOA's programmers residing in the Ukraine are required to testify, neither venue would be convenient for trial. *See In re Genentech, Inc.*, 566 F.3d 1338, 1344 (Fed. Cir. 2009) (noting that witnesses from Europe would be required to travel a significant distance no matter where they testify).

where there is a significant connection between a particular venue and a suit that the sale of a product in the plaintiff's preferred forum should not negate this factor being weighed in favor of transfer.  *Id.*; *Genentech*, 566 F.3d at 1347.  So too here, the district court's conclusion that "[t]he accused product is sold and used by customers all over the United States, including the Eastern District of Texas," does not negate the significant interest in trying this case in a venue in which the accused product was designed.

In sum, the vast majority of witnesses will find the Northern District of Ohio a less costly and more convenient forum to appear in for trial; the Northern District of Ohio is also the only venue where any of the physical evidence is located.  Moreover, the Northern District of Ohio is the only venue that has any local interest in the matter given the local presence of TOA.  Meanwhile, the Eastern District of Texas has no connection to any witnesses, source of proof, or interest in this case.  It is clear that no single factor weighs in favor of keeping this case in the plaintiff's chosen forum.  Even measuring against the high standard necessary to grant mandamus, under these facts, TOA has established the right to a writ.

Accordingly,

IT IS ORDERED THAT:

The petition for a writ of mandamus is granted.  The April 18, 2013 order denying transfer is vacated and the district court is directed to transfer this action to the Northern District of Ohio.

FOR THE COURT

/s/   Daniel E. O'Toole
      Daniel E. O'Toole
      Clerk