ON PETITION
REYNA, Circuit Judge.
ORDER
Barnes & Noble, Inc. (“Barnes & Noble”) seeks a writ of mandamus directing the United States District Court for the Western District of Tennessee to vacate its July 12, 2013 order denying Barnes & Noble’s motion to transfer the case to the District Court for the Northern District of California and remand with instructions to transfer the ease. B.E. Technology, LLC (“B.E.”) opposes. Barnes & Noble replies.
In September 2012, B.E. filed this suit in the Western District of Tennessee against Barnes & Noble, alleging that Barnes & Noble’s Nook® devices infringe one of B.E.’s patents. B.E.’s Chief Executive Officer, Martin Hoyle (“Hoyle”), is the founder of the company, and the named inventor on the asserted patent-in-suit. Hoyle has lived in the Western District of Tennessee since 2006, and he has run the company from there since 2008. Barnes & Noble is incorporated in Delaware and headquartered in New York, but it has an office in Palo Alto, California, where most of its activities related to the Nook® take place.
Barnes & Noble moved to transfer the case pursuant to 28 U.S.C. § 1404(a). That statute provides that a district court may transfer a case “for the convenience of parties and witnesses, in the interest of justice.” Barnes & Noble argued that only Hoyle is located in the Western District of Tennessee, whereas many of the relevant Barnes & Noble witnesses reside in California. Barnes & Noble also argued that California is where all of its relevant evidence is located. In addition, Barnes & Noble argued that many third party witnesses with knowledge about potential pri- or art are closer to the transferee venue.
The district court denied the motion, agreeing with B.E. that the case should remain in Tennessee.. The court acknowledged that party and non-party witnesses reside in California. However, because transfer would clearly impose the burden of travel and time away from home for any witness in Tennessee, the court found that the convenience of witness factor did not weigh in favor of transfer. The court fur *1383 ther found fault with Barnes & Noble for not addressing how many of its employees would be unavailable to testify in Tennessee or why deposition testimony would not suffice in lieu of live testimony if the witnesses were unwilling to travel for trial.
In weighing the other relevant considerations, the district court found Barnes & Noble had not demonstrated the need to transfer the case to the Northern District of California. As to the parties, the court found both parties had demonstrated the possibility that business could be disrupted in one of the fora. Lastly, the court found that neither trial efficiency nor local interest caused the interests of justice factor to weigh in favor of transfer.
The remedy of mandamus is available only in extraordinary situations to correct a clear abuse of discretion or usurpation of judicial power. In re Calmar, Inc., 854 F.2d 461, 464 (Fed.Cir.1988). That standard is an exacting one, requiring the petitioner to establish that the district court’s decision amounted to a failure to meaningfully consider the merits of the transfer motion. See In re Vistaprint Ltd., 628 F.3d 1342, 1347 (Fed.Cir.2010). In reviewing a district court’s ruling on a motion to transfer pursuant to § 1404(a), we apply the law of the regional circuit, in this case the Sixth Circuit. See Storage Tech. Corp. v. Cisco Sys., Inc., 329 F.3d 823, 836 (Fed.Cir.2003).
We discern no clear abuse of discretion in the district court’s decision to deny transfer. It addressed in depth the convenience of the witnesses, the convenience to the parties, and the interest of justice, and in accord with Sixth Circuit law, did not find that these factors weighed strongly in favor of Barnes & Noble. "See Reese v. CNH America LLC, 574 F.3d 315, 320 (6th Cir.2009) (“[UJnless the balance is strongly in favor of the' defendant, the plaintiffs choice of forum should rarely be disturbed.”).
Barnes & Noble’s arguments regarding the convenience of the witnesses were also considered and rejected by the district court. Barnes & Noble cites no Sixth Circuit case that would suggest that the district court erred in requiring it to demonstrate its employees would be unwilling or unable to testify if the case was tried in the Western District of Tennessee. Barnes & Noble tries to draw comparisons between this case and In re Genentech, 566 F.3d 1338 (Fed.Cir.2009), in which the original venue “indisputably ha[d] no connection to any of the witnesses or evidence related to the cause of action.” Id. at 1340-41. In this case, however, B.E. is based in the Western District of Tennessee, where its CEO and much of the relevant evidence are also found. This is thus not á situation where the district court has no-meaningful connection to the case.'[1]
We note that the dissent relies on a series of cases in which the Federal Circuit reviewed venue transfer under Fifth Circuit law. See Dissent at 1385 (citing In re Nintendo Co., 589 F.3d 1194 (Fed.Cir.2009), In re Hoffmanm-La Roche, 587 F.3d 1333 (Fed.Cir.2009), In re Genentech, 566 F.3d 1338 (Fed.Cir.2009), In re Microsoft Corp., 630 F.3d 1361 (Fed.Cir.2011), In re *1384 Zimmer Holdings, Inc., 609 F.3d 1378 (Fed.Cir.2010)). Unlike the Sixth Circuit, however, the Fifth Circuit has expressly held that while the transferee venue must be “clearly more convenient,” district courts err when they require that § 1404(a) factors “must substantially outweigh the plaintiffs choice of venue.” In re Volkswagen of America, Inc., 545 F.3d 304, 314 (5th Cir.2008) (en banc) (emphasis added). The dissent would give the plaintiffs choice of forum here minimal weight so as not to reward “attempts of plaintiffs that do not practice their patents to rely on mere artifacts of litigation.” Dissent at 1385. But there is no indication on the record that B.E.’s connection to Tennessee was manufactured in anticipation of litigation to make the forum appear convenient. Based on the record in this case, “[c]om-pelling considerations favor both parties’ positions, making it difficult to say that the district court would have abused its discretion had he picked either location as the more appropriate forum.” Reese, 574 F.3d at 320.
In sum, Barnes & Noble has failed to meet its exacting burden to demonstrate that the district court was clearly and indisputably incorrect in concluding that the case should not have been transferred to the Northern District of California. We therefore deny its petition.
Accordingly,
It IS ORDERED THAT:
The petition for writ of mandamus is denied.

. B.E. further notes that it has brought 18 other actions in the Western District of Tennessee involving the same patents at issue in this cáse. As B.E. correctly points out, we have held that a district court’s experience with a patent in prior litigation or whether co-pending cases involve the same patent are permissible considerations in ruling on a motion to transfer. See Vistaprint, 628 F.3d at 1346-47 & n. 3.