# United States Court of Appeals
# for the Federal Circuit

---

**IN RE:  SAMSUNG ELECTRONICS CO., LTD.,
SAMSUNG ELECTRONICS AMERICA, INC., LG
ELECTRONICS INC., LG ELECTRONICS USA, INC.,**
*Petitioners*

---

2021-139, 2021-140

---

On Petitions for Writs of Mandamus to the United States District Court for the Western District of Texas in Nos. 6:20-cv-00257-ADA, 6:20-cv-00259-ADA, Judge Alan D. Albright.

---

**ON PETITION**

---

BRADLEY GARCIA, O'Melveny & Myers LLP, Washington, DC, for petitioners.  Also represented by DAVID ALMELING, DANIEL SILVERMAN, DARIN W. SNYDER, San Francisco, CA; NICHOLAS WHILT, Los Angeles, CA.

KARL RUPP, Nix Patterson, LLP, Dallas, TX, for respondents Ikorongo Texas LLC, Ikorongo Technology LLC. Also represented by DEREK TOD GILLILAND, Sorey Law Firm, Longview, TX; HOWARD N. WISNIA, Wisnia PC, San Diego, CA.

JOSHUA S. LANDAU, Computer & Communications Industry Association, Washington, DC, for amicus curiae Computer & Communications Industry Association.

2                           IN RE: SAMSUNG ELECTRONICS CO., LTD.

––––––––––––––––––

Before LOURIE, DYK, and REYNA, *Circuit Judges.*

DYK, *Circuit Judge.*

## O R D E R

In these patent infringement suits, which have been consolidated for purposes of these mandamus petitions, Samsung Electronics Co., Ltd. et al. (collectively, "Samsung") and LG Electronics Inc. et al. (collectively, "LG") seek writs of mandamus ordering the United States District Court for the Western District of Texas to transfer the underlying actions to the United States District Court for the Northern District of California.  For the following reasons, we grant the writs of mandamus.

### BACKGROUND

#### A.

Ikorongo Texas LLC ("Ikorongo Texas") filed the initial complaints in these cases against Samsung and LG in the Western District of Texas on March 31, 2020—a month after Ikorongo Texas was formed as a Texas limited liability company.  Although Ikorongo Texas claims to be unrelated to Ikorongo Technology LLC ("Ikorongo Tech"), a North Carolina limited liability company, the operative complaints indicate that Ikorongo Texas and Ikorongo Tech are run out of the same Chapel Hill, North Carolina office.  Additionally, as of March 20, 2020, the same five individuals "own[ed] all of the issued and outstanding membership interests" in both Ikorongo entities.  Assignments of Patent Rights at 4, *Ikorongo Texas LLC v. LG Elecs. Inc.,* No. 6:20-cv-00257-ADA (W.D. Tex. Jan. 5, 2021), ECF Nos. 57-4, 57-5 (exhibits to Ikorongo entities' brief in opposition to LG's motion to transfer).

Ikorongo Tech owns the four patents that are asserted in the suits.  Approximately ten days before the initial

complaints were filed in these cases, Ikorongo Tech assigned to Ikorongo Texas exclusive rights to sue for infringement and collect past and future damages for those patents within certain specified parts of the state of Texas, including certain counties in the Western District of Texas, while retaining the rights to the patents in the rest of country.

The day after the initial complaints were filed, Ikorongo Texas and Ikorongo Tech filed first amended complaints, this time naming both Ikorongo Tech and Ikorongo Texas as co-plaintiffs, noting that "[t]ogether Ikorongo TX and Ikorongo Tech own the entire right, title and interest in the Asserted Patents, including the right to sue for past, present and future infringement and damages thereof, throughout the entire United States and world."

The amended complaints assert generally that Samsung and LG had infringed at least one claim of the asserted patents by making, using, testing, selling, offering for sale, or importing into the United States devices that perform certain functionality. The complaints do not distinguish between infringement in the Western District of Texas and infringement elsewhere in the United States. It appears undisputed that Ikorongo Texas and Ikorongo Tech's infringement contentions are directed at functionality in third-party applications (Google Maps, Google+, Google Play Music, YouTube Music, and AT&T Secure Family) that run on the accused mobile products sold by Samsung and LG.

## B.

In September 2020, Samsung and LG separately moved under 28 U.S.C. § 1404(a) to transfer the suits to the Northern District of California. They argued that three of the five accused third-party applications were developed in Northern California where those third parties conduct significant business activities and that no application was developed or researched in Western Texas. Samsung and LG

further argued that potential witnesses and sources of proof were in the Northern District of California, including two of the named inventors, and that no source of proof or potential witness was in the Western District of Texas.

On March 1, 2021, the district court denied LG's and Samsung's motions. The court first concluded that LG and Samsung failed to establish the threshold requirement that the complaints "might have been brought" in the Northern District of California. § 1404(a). The court acknowledged that there was no dispute that the defendants would be subject to venue in the Northern District of California based on Ikorongo Tech's allegations. However, because Ikorongo Texas's rights under the asserted patents could not have been infringed in the Northern District of California, the court held that venue over the entirety of the actions was improper under 28 U.S.C. § 1400(b).

Alternatively, the court analyzed the traditional public- and private-interest factors. As to the private-interest factors, the district court acknowledged that "the location of the documents relevant in [these] case[s] tilts [the sources of proof] factor towards transfer," citing LG and Samsung's argument that "the greatest volume of evidence is with key third parties located in the Northern District of California," including "technical documents and source code," and that Ikorongo Texas and Ikorongo Tech failed to identify any sources of proof in the Western District of Texas.

With regard to potential witnesses, the district court noted that Samsung and LG had identified potential witnesses in Northern California and no potential witness in or near the Western District of Texas. However, the district court weighed the willing witness factor "only very slightly in favor of transfer" and the compulsory process factor "neutral." The court explained that it "gives the convenience of party witnesses little weight" generally. And while recognizing that "the Northern District of California

is the more convenient forum for a high percentage" of third-party employees "who may be relevant witnesses," the court stated generally its view that "only a few party witnesses and even fewer non-party witnesses will likely testify at trial," and weighed against transfer plaintiffs' willingness to cover the expenses of third parties.

As to the local interest factor, the district court noted and rejected Samsung and LG's argument that the Northern District of California had a greater local interest in this case because the third-party applications were developed there, at least LG integrated the accused applications in the proposed transferee district, and no party had any meaningful connection to the Western District of Texas. The district court explained that "it is generally a fiction that patent cases give rise to local controversy or interest" and "Ikorongo Texas's claims do specifically relate to infringement in this District."

The district court weighed the "practical problems" factor against transfer. The court noted that Ikorongo Texas and Ikorongo Tech had separately filed suit against Bumble Trading, LLC in the Western District of Texas "for infringing on patents asserted in this action, and Bumble withdrew its motion to transfer." The court explained that "judicial economy and the possibility of inconsistent rulings causes the Court to find this factor weighs against transfer, given that at least one of the co-pending cases will remain in this District." In addition, the court added that it could likely hold a trial sooner than the Northern District of California, citing in part its patent-specific Order Governing Proceedings that "ensures efficient administration[.]" The court therefore concluded that defendants had not met their burden to demonstrate cause for transfer.

These petitions followed, which were consolidated in our court, and raise the same two challenges: First, whether the district court erred in concluding that venue in the Northern District of California under § 1400(b) is

improper; and second, whether the district court clearly erred in its assessment of the traditional transfer factors and in its ultimate conclusion that the transferee venue was not clearly more convenient for trial.

## DISCUSSION

We "may issue all writs necessary or appropriate in aid of [our] jurisdiction[] and agreeable to the usages and principles of law" under the All Writs Act. 28 U.S.C. § 1651(a). Three conditions must be met before a writ may issue: (1) the petitioner "[must] have no other adequate means to attain . . . relief," (2) the petitioner must show that the right to mandamus is "clear and indisputable," and (3) the court "must be satisfied that the writ is appropriate under the circumstances." *Cheney v. U.S. Dist. Ct. for D.C.*, 542 U.S. 367, 380–81 (2004) (first alteration in original) (internal quotation marks and citations omitted).

We apply the law of the regional circuit—in this case the Fifth Circuit—in mandamus review of a district court's ruling on a motion to transfer pursuant to § 1404(a). *In re Apple, Inc.*, 979 F.3d 1332, 1336 (Fed. Cir. 2020) (citing *In re Barnes & Noble, Inc.*, 743 F.3d 1381, 1383 (Fed. Cir. 2014)). We thus review a district court's decision to deny transfer for an abuse of discretion. *See In re TS Tech USA Corp.*, 551 F.3d 1315, 1319 (Fed. Cir. 2008) (applying Fifth Circuit law). "A district court would necessarily abuse its discretion if it based its ruling on an erroneous view of the law or on a clearly erroneous assessment of the evidence." *Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 405 (1990). Errors of judgment in weighing relevant factors are also a ground for finding an abuse of discretion. *See TS Tech*, 551 F.3d at 1320. We may grant mandamus when the denial of transfer was a clear abuse of discretion under governing legal standards. *See In re Genentech, Inc.*, 566 F.3d 1338, 1348 (Fed. Cir. 2009) (also applying Fifth Circuit law); *TS Tech*, 551 F.3d at 1318–19.

A.

Under § 1404(a), "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented." A case may be transferred under § 1404(a) only to a court that has venue over the civil action. *See In re SK hynix Inc.*, 847 F. App'x 847 (Fed. Cir. 2021). Whether the two cases could be transferred under § 1404(a) turns on whether venue in the Northern District of California would have been proper under § 1400(b) had these cases been filed in that district. That statutory provision provides, in relevant part, that "[a]ny civil action for patent infringement may be brought . . . where the defendant has committed acts of infringement and has a regular and established place of business."[1]

As an initial matter, we reject Ikorongo Texas and Ikorongo Tech's argument that the initial complaint filed only by Ikorongo Texas governs this inquiry. Once the respondents filed their amended complaints, the original complaints were "dead letter[s]" and "no longer perform[ed] any function in the case[s]." *ConnectU LLC v. Zuckerberg*, 522 F.3d 82, 91 (1st Cir. 2008) (internal quotation marks and citations omitted). That understanding has been

---

[1] There is no dispute here that the "established place of business" requirement is satisfied in both cases. LG Electronics U.S.A, Inc. has offices in Santa Clara and San Francisco, California, where it has about 120 employees. Samsung Electronics America, Inc. has offices in the Northern District of California from which more than 300 employees work. And Samsung Electronics Co., Ltd., and LG Electronics Inc. are also subject to venue in Northern California given their status as foreign corporations. *See In re HTC Corp.*, 889 F.3d 1349, 1359 (Fed. Cir. 2018) (foreign corporations are subject to venue in any district).

uniformly applied in a variety of contexts, including for purposes of venue. *See, e.g.*, *Eason v. Holt*, 73 F.3d 600, 603 (5th Cir. 1996) ("The amended complaint . . . supersede[s] the original complaint[.]"); *Fawzy v. Wauquiez Boats SNC*, 873 F.3d 451, 455 (4th Cir. 2017); *Fullerton v. Maynard,* 943 F.2d 57, 1991 WL 166400, at *2 (10th Cir. Aug. 29, 1991) ("Because the amended complaint supersedes the original complaint, proper venue . . . must be established from facts alleged in the amended complaint.").

Contrary to Ikorongo Texas and Ikorongo Tech's contention, *Hoffman v. Blaski*, 363 U.S. 335 (1960), does not support a different rule for transfer under § 1404(a). *Hoffman* indicated that the "where it might have been brought" language of § 1404(a) "directs the attention of the judge who is considering a transfer to the situation which existed when suit was instituted," but it did so in the context of holding a defendant could not expand jurisdiction through acts of waiver. *Id.* at 343 (internal quotation marks and citation omitted). The Court interpreted the statute to bar a defendant from creating venue in a new district "between the bringing of the action and the filing of a motion to transfer it"—for example, by moving residence or beginning to transact business. *Id.* at 342. *Hoffman* did not involve the circumstances here, and did not involve or address the filing of an amended complaint. We are unaware of any instance, and none has been called to our attention, in which a court has denied transfer based on the original complaint despite an amended complaint establishing proper venue.

We therefore look to the amended complaints to determine whether venue would have been proper had these suits initially been filed in Northern California. Although the district court correctly focused on those complaints, it erred when analyzing whether venue was proper.

The district court reasoned that the plaintiffs' agreement "allows Ikorongo Texas to protect its rights to the

patent within the prescribed geographic region," including the right to sue for infringement. The district court further explained that the proper inquiry was "where [defendants] committed any alleged acts of infringement as to Ikorongo Texas," because "[a]ny alleged infringement by Samsung [and LG] could have only occurred within the geographic locations described in the specialized part." Because "Ikorongo Texas's current action could [not] have initially been brought in the Northern District of California," the court found that the transfer motions had to be denied. This conclusion was erroneous because the district court disregarded the pre-litigation acts by Ikorongo Tech and Ikorongo Texas aimed at manipulating venue.

Typically, "venue must be proper for each claim," *Beattie v. United States*, 756 F.2d 91, 101 (D.C. Cir. 1984) (citing 15 Charles Alan Wright, Alan R. Miller & Edward H. Cooper, Federal Practice and Procedure § 3808 (1976)). On the face of the complaint, the Northern District of California could not be a proper venue for Ikorongo Texas's claims because no act of infringement of Ikorongo Texas's rights took place there. But in ascertaining proper venue, we are not bound by a plaintiff's efforts to manipulate venue.

In the context of jurisdiction, 28 U.S.C. § 1359 provides: "A district court shall not have jurisdiction of a civil action in which any party, by assignment or otherwise, has been improperly or collusively made or joined to invoke the jurisdiction of such court." Under this statute (and its predecessors), in cases similar to this one, the Supreme Court and other courts have rejected litigants' attempts to manipulate jurisdiction, disregarding property transfers among entities under common ownership designed to create jurisdiction. *See, e.g.*, *Hertz Corp. v. Friend*, 559 U.S. 77, 97 (2010) (urging courts to disregard a party's "attempts at manipulation" of jurisdiction); *Kramer v. Caribbean Mills, Inc.*, 394 U.S. 823, 824, 827–28 (1969) (rejecting diversity jurisdiction predicated on a pretextual, collusive transfer of an agreement, because the transferee had been

previously unconnected to the matter and simultaneously reassigned 95% of his interest in the cause of action back to the transferor); *Miller & Lux, Inc. v. E. Side Canal & Irrigation Co.*, 211 U.S. 293, 305–06 (1908) (holding that a California corporation could not "collusively" create federal diversity jurisdiction by forming a new Nevada corporation and transferring thereto the property at issue in the litigation); *Lehigh Mining & Mfg. Co. v. Kelly*, 160 U.S. 327, 339–40 (1895) (holding that a Virginia corporation could not create diversity jurisdiction by organizing a Pennsylvania corporation for no other purpose than to receive the lands at issue and create a federal case); *McSparran v. Weist*, 402 F.2d 867, 875–76 (3d Cir. 1968) (en banc) (expounding plaintiff's burden to demonstrate that a transaction purportedly creating diversity jurisdiction is "real," with "significance beyond establishment of diversity jurisdiction"); *Greater Dev. Co. of Conn., Inc. v. Amelung*, 471 F.2d 338, 339 (1st Cir. 1973) (limiting diversity jurisdiction based on a transfer of corporate citizenship to cases in which "a corporation conducting an on-going business transfers all its assets and its business to another corporation, and the transferor is dissolved"); *see also O'Brien v. AVCO Corp.*, 425 F.2d 1030, 1033–34 (2d Cir. 1969).

Although there is not an analogous statute for venue, in similar situations, the Supreme Court and this court have repeatedly assessed the propriety of venue by disregarding manipulative activities of the parties. In *Van Dusen v. Barrack*, 376 U.S. 612 (1964), for example, the Supreme Court addressed whether § 1404(a) allowed "parties opposed to transfer, by means of their own acts or omissions, to prevent a transfer otherwise proper and warranted by convenience and justice." *Id.* at 623. The Court rejected that interpretation and explained as follows:

> § 1404(a) should be construed to prevent parties who are opposed to a change of venue from defeating a transfer which, but for their own deliberate acts or omissions, would be proper, convenient and

just. The power to defeat a transfer to the convenient federal forum should derive from rights and privileges conferred by federal law and not from the deliberate conduct of a party favoring trial in an inconvenient forum.

*Id.* at 624.

We have similarly rejected parties' attempts to manipulate venue. In *In re Microsoft Corp.*, 630 F.3d 1361 (Fed. Cir. 2011), the plaintiff, a Texas corporation, maintained an office in the Eastern District of Texas, where it kept its documents. While the plaintiff operated from the United Kingdom and had no employees anywhere in the United States, it pointed to its presence in Texas to argue that the Eastern District of Texas would be a convenient forum. *Id.* at 1362–64. We disagreed, holding that the plaintiff's incorporation, office, and documents in Texas "were recent, ephemeral, and a construct for litigation and appeared to exist for no other purpose than to manipulate venue . . . in anticipation of litigation." *Id.* at 1365; *see also In re Zimmer Holdings, Inc.*, 609 F.3d 1378, 1381 (Fed. Cir. 2010) (citation omitted) (finding that transfer of documents to a Texas office space was "recent, ephemeral, and an artifact of litigation," and therefore "entitled to no weight in the court's venue analysis"); *In re Hoffmann-La Roche Inc.*, 587 F.3d 1333, 1337 (Fed. Cir. 2009) (characterizing pre-litigation transfer of documents as "a fiction which appears to have been created to manipulate the propriety of venue" and concluding that the denial of transfer "ha[d] no legally rational basis" as a result).

Although our previous cases addressing venue manipulation by plaintiffs involved "the convenience of parties and witnesses, in the interest of justice" factor, longstanding principles against manipulation are no less applicable to the requirement that an action "might have been brought" in the transferee district.

These cases present just such a manipulation under § 1404(a). Ikorongo Texas was created and assigned its targeted geographic rights in counties in the Western District of Texas in the month leading up to these suits. The same group of five individuals owns all membership interests in both Ikorongo entities. Ikorongo Texas and Ikorongo Tech share the same office in North Carolina, and the same person signed the relevant agreement documents on behalf of both companies. Nothing would prevent the Ikorongo entities from undoing the assignment if they so desired. Moreover, it does not appear that Ikorongo Texas conducts any other business—rather, it seems to exist for the sole purpose of limiting venue to the Western District of Texas.

This case is quite similar to *Miller & Lux*, a jurisdiction case arising under the version of 28 U.S.C. § 1359 then in force. There, a California corporation sought to sue another California corporation. *See* 211 U.S. at 298. To create diversity jurisdiction, the plaintiff California corporation organized an eponymous Nevada corporation; the two corporations had the same directors, and all of the stock in the Nevada corporation was issued to its California counterpart. *Id.* at 299–300. The California corporation transferred to the Nevada corporation "the property rights which the California corporation had asserted," on which basis the Nevada corporation invoked diversity jurisdiction in the Southern District of California. *Id.* at 296, 306. The California transferor, meanwhile, was never dissolved, and could therefore control the Nevada corporation's suit and reacquire any potential gains awarded in the litigation. *Id.* at 300, 305. The Supreme Court rejected this attempt to "collusively" create jurisdiction. *Id.* at 306.

Thus—here as in *Miller & Lux*—the presence of Ikorongo Texas is plainly recent, ephemeral, and artificial—just the sort of maneuver in anticipation of litigation that has been routinely rejected. In the venue analysis, therefore, we need not consider separately Ikorongo Texas's

geographically bounded claims. And disregarding this manipulation, Ikorongo Tech could have filed suit in the Northern District of California.

Under the proper construction of § 1404(a), then, these cases "might have been brought" in the Northern District of California.

## B.

We now turn to Samsung and LG's arguments concerning the merits of their transfer motions. In general, we give substantial deference to how a district court balances conveniences and fairness factors that favor transfer against practical and public concerns if the cases were transferred. However, we have explained that "a clear abuse of discretion in balancing convenience against judicial economy under § 1404 is not outside the scope of correctible error on mandamus review." *In re Vistaprint Ltd.*, 628 F.3d 1342, 1346 (Fed. Cir. 2010); *In re Google Inc.*, No. 2017-107, 2017 WL 977038 at *2 (Fed. Cir. Feb. 23, 2017); *In re Apple, Inc.*, 581 F. App'x 886, 889–90 (Fed. Cir. 2014). Here, we find that the court's conclusions were such an abuse.

To begin with, the district court here clearly assigned too little weight to the relative convenience of the Northern District of California. Given the relevant events and circumstances giving rise to these infringement claims, it is unsurprising that many identified sources of proof and likely witnesses are in Northern California and none in the Western District of Texas. Indeed, petitioners submitted undisputed affidavits identifying over a dozen third-party individuals with relevant and material information as residing in Northern California. Moreover, at least two of the inventors also reside in Northern California. In addition, LG indicated that its relevant party witnesses also reside in the Northern District of California. By contrast, not a single witness has been identified as residing in or near the Western District of Texas.

In weighing the willing witness factor only slightly favoring transfer to the Northern District of California, the district court provided no sound basis to diminish these conveniences. It gave no weight to the presence of possible party witnesses in Northern California despite this court holding that the district court must consider those individuals. *See In re Apple Inc.*, 818 F. App'x 1001, 1003 (Fed. Cir. 2020). The court also erroneously discounted the convenience of third-party witnesses by presuming that "only a few . . . non-party witnesses will likely testify at trial." Even if not all witnesses testify, with nothing on the other side of the ledger, the factor strongly favors transfer. Moreover, because these potential witnesses reside in Northern California, transfer ensures that the transferee court could compel these individuals to appear.

At the same time, the district court overstated the concern about waste of judicial resources and risk of inconsistent results in light of plaintiffs' separate infringement suit against Bumble in the Western District of Texas. Only two of the patents in these cases overlap with those in the action brought against Bumble. In addition, the Bumble case involves an entirely different underlying application. Accordingly, it is "likely that these cases will result in significantly different discovery, evidence, proceedings, and trial." *See In re Zimmer*, 609 F.3d at 1382. And importantly, to the extent that there are remaining overlapping invalidity or infringement issues, "the MultiDistrict Litigation Procedures exist to effectuate this sort of efficiency." *In re EMC Corp.*, 501 F. App'x 973, 976 (Fed. Cir. 2013). Thus, the incremental gains in keeping these cases in the Western District of Texas simply are not sufficient to justify overriding the inconvenience to the parties and witnesses.

Moreover, other public interest factors favor transfer. The Supreme Court has long held that there is "a local interest in having localized controversies decided at home." *Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 509 (1947). The

district court, however, declares that "it is generally a fiction that patent cases give rise to local controversy or interest, particularly without record evidence suggesting otherwise." Local interests are not a fiction, and the record evidence here shows a substantial local interest.

The relevant events leading to the infringement claims here took place largely in Northern California, and not at all in the Western District of Texas. Both petitioners are accused of infringing the asserted patents based on third-party applications running on LG's and Samsung's accused products. It is undisputed that those third parties researched, designed, and developed most of those applications in Northern California. These are significant factors that give the Northern District of California a legitimate interest in adjudicating the cases "at home." *See In re Apple Inc.*, 979 F.3d 1332, 1344–45 (Fed. Cir. 2020) ("This factor most notably regards not merely the parties' significant connections to each forum writ large, but rather the 'significant connections between a particular venue and the events that gave rise to a suit.'" (quoting *In re Acer Am. Corp*, 626 F.3d 1252, 1256 (Fed. Cir. 2010)) (emphasis omitted)).

The district court's weighing of the local interest factor as neutral on the ground that "Ikorongo Texas's claims do specifically relate to infringement in this District . . . regardless of when the entity formed" is error. The fact that infringement is alleged in the Western District of Texas gives that venue no more of a local interest than the Northern District of California or any other venue. *See Hoffmann-La Roche*, 587 F.3d at 1338 (concluding that "the sale of an accused product offered nationwide does not give rise to a substantial interest in any single venue"); *In re TOA Techs., Inc.*, 543 F. App'x 1006, 1009 (Fed. Cir. 2013) (stating that "in cases where there is a significant connection between a particular venue and a suit[,] the sale of a product in the plaintiff's preferred forum should not negate this factor being weighed in favor of transfer"). The facts

of this case indicate that the local interest factor weighs in favor of Samsung and LG.

Ikorongo Texas and Ikorongo Tech urge that the district court's conclusions can be upheld on the court congestion factor. But we cannot say that the prospective speed with which this case might be brought to trial is of particular significance in these cases. The district court found that this factor weighed against transfer in part based on considerations that have no bearing on whether the Northern District of California has a more congested docket. *See Apple*, 979 F.3d at 1344 ("We have previously explained that a court's general ability to set a fast-paced schedule is not particularly relevant to this factor."). And even if the court's speculation is accurate that it could more quickly resolve these cases based on the transferee venue's more congested docket, neither respondents nor the district court pointed to any reason that a more rapid disposition of the case that might be available in the Western District of Texas would be important enough to be assigned significant weight in the transfer analysis here.

Accordingly,

IT IS ORDERED THAT:

The petitions for writs of mandamus are granted. The district court's March 1, 2021 orders denying transfer are vacated, and the district court is directed to grant Samsung's and LG's motions to the extent that the cases are transferred to the United States District Court for the Northern District of California under 28 U.S.C. § 1404(a).

FOR THE COURT

June 30, 2021                    /s/ Peter R. Marksteiner
    Date                         Peter R. Marksteiner
                                 Clerk of Court

s25