NOTE: This order is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**IN RE WMS GAMING INC.,**
*Petitioner.*

---

2014-107

---

On Petition for Writ of Mandamus to the United States District Court for the Southern District of Mississippi in Nos. 3:13-cv-00691-CWR-FKB and 3:13-cv-00692-CWR-FKB, Judge Carlton W. Reeves.

---

## ON PETITION

---

Before LOURIE, DYK, and REYNA, *Circuit Judges.*

LOURIE, *Circuit Judge.*

### O R D E R

WMS Gaming Inc. seeks a writ of mandamus to vacate the decision of the United States District Court for the Southern District of Mississippi denying its motion to transfer this patent infringement case to the United States District Court for the Northern District of Illinois. Because we conclude that the decision denying transfer amounted to a clear abuse of discretion, we grant mandamus.

I.

This transfer dispute arose out of a complaint filed by New York-based MGT Gaming, Inc. at the District Court for the Southern District of Mississippi, alleging infringement of U.S. Patent No. 7,892,088. That patent, in general terms, covers gaming systems linked to an interactive sign, such that an event in the first game may allow the player to play a second bonus game via the interactive sign.

MGT's original complaint names two gaming machine manufacturers, WMS and its competitor, Azure Gaming, Inc., accusing each of manufacturing, selling, and offering to sell, products that infringe the patent. MGT's original complaint also named as defendants Caesars Entertainment Corp. and MGM Resorts International, Inc., which both lease from WMS the accused gaming systems for their casino properties, and Penn National Gaming Inc., which received accused gaming systems from Azure.

As is relevant here, WMS moved to sever the claims against it from the remaining defendants, and stay the actions against the casino defendants. WMS also moved to transfer the claims against it pursuant to 28 U.S.C. § 1404(a) to the Northern District of Illinois, where WMS maintains its principal place of business and relevant documentary sources of proof, and where it designs and manufactures the accused products.

While the district court severed the claims against Azure from the claims against WMS, it did not sever the claims against WMS from the claims against MGM and Caesars. Instead, it held only that Caesars and MGM could not be co-defendants in the same action and the

claims against Caesars and MGM should be stayed pending the outcome of the litigation against WMS.[*]

The district court denied WMS's motion to transfer. The court found that "focus on the 'making' of the games is more appropriate" for considering this transfer motion and that all of WMS's documents and witnesses were located in the Northern District of Illinois where it designed and manufactured the accused products. But it concluded based on the court's ability to more quickly resolve the case and to subpoena non-party casino managers in Mississippi that WMS had failed to establish the Northern District of Illinois was a clearly more convenient forum than the Southern District of Mississippi. That was so even though the court found that information related to game play and the collection of revenue at the casinos "will likely be irrelevant to the core of [the] patent infringement action[.]"

## II.

Applying Fifth Circuit law in cases from district courts in that circuit, this court has granted writs of mandamus to correct denials of transfer that were clear abuses of discretion under governing legal standards. *See In re Microsoft Corp.*, 630 F.3d 1361 (Fed. Cir. 2011); *In re Nintendo, Co. Ltd.*, 589 F.3d 1194 (Fed. Cir. 2009); *In re Genentech Inc.*, 566 F.3d 1338 (Fed. Cir. 2009); *In re TS Tech USA Corp.*, 551 F.3d 1315 (Fed. Cir. 2008); *accord In re Volkswagen of Am., Inc.*, 545 F.3d 304 (5th Cir. 2008) (en banc).

Section 1404(a) serves to "prevent the waste of time, energy and money and to protect litigants, witnesses and the public against unnecessary inconvenience and expense[.]" *Van Dusen v. Barrack*, 376 U.S. 612, 616 (1964)

---

[*] The district court also dismissed MGT's induced and contributory infringement claims without prejudice.

(internal quotations omitted). Consistent with that purpose, both this court and the Fifth Circuit have made clear that "[a] motion to transfer venue pursuant to § 1404(a) should be granted if 'the movant demonstrates that the transferee venue is clearly more convenient[.]'" *In re Radmax, Ltd.*, 720 F.3d 285, 288 (5th Cir. 2013) (quoting *Volkswagen*, 545 F.3d at 315); *Nintendo*, 589 F.3d at 1197.

In addressing the transfer motion, the district court found that a number of factors weighed in favor of transfer. In particular, the court found that the cost of attendance of willing witnesses favored the Northern District of Illinois. The court also weighed in favor of transfer the ease of access to sources of proof because MGT's documents related to its accused products are located in the Northern District of Illinois, including all sources of proof relevant to the design, development, manufacture, marketing, advertising, and use of the accused products. In addition, the district court found that the local interest factor favored transfer because the alleged acts of infringement giving rise to this action occurred at WMS's corporate headquarters. These conclusions are well supported by the record.

The district court found that two factors–the compulsory process and court congestion factors–weighed against transfer. In support of those conclusions, MGT contends that non-party casino managers who live in Mississippi can be compelled to testify about "the placement of accused gaming machines and information about the play of the games, [and] the revenues therefrom[.]" MGT further contends that, when compared to the Northern District of Illinois, the Southern District of Mississippi has "superior numbers" in "median time from filing case until trial; the percentage of civil cases that are more than three years old; the average number of pending cases per judge; and the average number of trials completed within a year."

But these are insufficient reasons to discount the compelling case for transfer. For one thing, we do not regard the prospective speed with which this case might be brought to trial to be of particular significance here. MGT does not dispute that it does not practice the patent and therefore MGT is not in need of a quick resolution of this case because its position in the market is threatened. Nor has MGT pointed to any other reason that a more rapid disposition of the case in the Southern District of Mississippi would be important enough to be assigned significant weight in the transfer analysis. *See generally Genentech*, 566 F.3d at 1347 (noting that the court congestion factor "appears to be the most speculative").

For another thing, even on its own terms the district court's analysis indicates that inconvenience clearly favors transfer. The witnesses that have the information that the district court characterized as being at the core of the case against the manufacturers all reside in the Northern District of Illinois. Keeping the case in Mississippi would thus require those witnesses to incur significant expenses and loss in productivity. By contrast, MGT has no connection on its own to the Southern District of Mississippi. In addition, as between the transferor and transferee venues, the only identified sources of proof are located in the Northern District of Illinois.

The only suggested connection to the cause of action and the plaintiff's chosen forum are casino managers, not identified by name, who are unlikely to have information beyond the use of the product. To the extent that the district court felt compelled to keep the case on that basis that determination was incorrect. *Cf. In re Microsoft Corp.*, 630 F.3d 1361, 1363-4 (Fed. Cir. 2011) (granting mandamus where only locally identified individuals merely had knowledge of use of product and had no knowledge of patent or the issues in the suit). As the district court acknowledged, this information is largely irrelevant to the case against the manufacturers and all

documentary information concerning use of the games is kept in Illinois. If actually needed, WMS notes that the transferee court can compel testimony from a casino manager in Illinois regarding use of the products.

For these reasons, we conclude that WMS has established the right to mandamus in directing the district court to transfer. The district court should revisit and clarify its severance rulings concerning WMS and the casino defendants, keeping in mind that WMS has a clear right to transfer, and that severance is particularly appropriate in peripheral claim cases to facilitate transfer.

Accordingly,

IT IS ORDERED THAT:

The petition for a writ of mandamus is granted, the portion of the order denying transfer is vacated, and the district court is directed to conduct further proceedings consistent with this order.

FOR THE COURT

/s/ Daniel E. O'Toole
Daniel E. O'Toole
Clerk of Court

s19