NOTE: This order is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**In re: SK HYNIX INC., SK HYNIX AMERICA INC.,**
*Petitioners*

---

2021-113

---

On Petition for Writ of Mandamus to the United States District Court for the Western District of Texas in No. 6:20-cv-194-ADA, Judge Alan D. Albright.

---

**ON PETITION**

---

Before NEWMAN, MOORE, and STOLL, *Circuit Judges.*

MOORE, *Circuit Judge.*

## O R D E R

SK hynix Inc. and SK hynix America Inc. (collectively, "SK hynix") petition for a writ of mandamus directing the United States District Court for the Western District of Texas to transfer the underlying case to the United States District Court for the Central District of California, or alternatively, directing the Western District of Texas to stay the proceedings and to rule on SK hynix's pending motion to transfer. Netlist, Inc. opposes the petition.

Netlist filed this patent infringement suit against SK hynix in March 2020. On May 4, 2020, SK hynix moved to

transfer the case. The district court received Netlist's response on May 18, 2020 and SK hynix's reply on May 26, 2020 but has yet to rule. Meanwhile, the trial judge has ordered the parties to engage in extensive discovery and has scheduled a Markman hearing for March 19, 2021. On December 15, 2020, SK hynix moved to stay proceedings pending disposition of its transfer motion, but, on January 6, 2021, the court informed the parties of its policy "to proceed with all deadlines while [it] resolves the jurisdictional issues in parallel." Appx0570. SK hynix then filed this petition. On January 27, 2021, this court directed Netlist to respond by February 1, 2021. On January 28, 2021, the district court issued an order setting a hearing on the transfer motion for the morning of February 2, 2021.

Applying the law of the United States Court of Appeals for the Fifth Circuit in cases arising from district courts in that circuit, this court has held that mandamus may be used to correct a patently erroneous denial of transfer or an arbitrary refusal to act on such request. *See, e.g., In re Microsoft Corp.*, 630 F.3d 1361, 1363 (Fed. Cir. 2011); *In re Nintendo, Ltd.*, 589 F.3d 1194, 1201 (Fed. Cir. 2009); *In re Genentech Inc.*, 566 F.3d 1338, 1348 (Fed. Cir. 2009); *In re Google*, No. 2015-138, 2015 WL 5294800 (Fed. Cir. Jul. 16, 2015). That standard is an exacting one, requiring the petitioner to establish that (1) it has a clear and indisputable legal right to relief; (2) does not have any other method of obtaining the relief requested; and (3) that the writ is appropriate under the circumstances. *Cheney v. U.S. Dist. Court for D.C.*, 542 U.S. 367, 380–81 (2004).

We agree with SK hynix that the district court's handling of the transfer motion up until this point in the case has amounted to egregious delay and blatant disregard for precedent. As we recently reiterated, "[a]lthough district courts have discretion as to how to handle their dockets, once a party files a transfer motion, disposing of that motion should unquestionably take top priority." *In re Apple Inc.*, 979 F.3d 1332, 1337 (Fed. Cir. 2020) (citations

omitted); *see also In re Horseshoe Entm't*, 337 F.3d 429, 433 (5th Cir. 2003) ("[I]n our view disposition of that [transfer] motion should have taken a top priority in the handling of this case by the . . . District Court."). No such priority was given to the motion here, as it simply lingered unnecessarily on the docket while the district court required the parties to proceed ahead with the merits.

In light of the fact that the district court has now scheduled a hearing on the motion and is presumably proceeding toward a resolution of the transfer issue, we are not prepared to say that a writ of mandamus to compel the court to act on the motion would be necessary or appropriate at this juncture. Nor can we say that SK hynix has no alternative avenue to obtain meaningful relief on its request to transfer the case, as we fully expect that the district court will expeditiously rule on its motion. However, given the lengthy delay and upcoming Markman hearing, we find it appropriate to grant the petition to the extent that the district court must stay all proceedings concerning the substantive issues of the case and all discovery until such time that it has issued a ruling on the motion capable of providing meaningful appellate review of the reasons for its decision. *See In re Lloyd's Register N. Am., Inc.*, 780 F.3d 283, 290 (5th Cir. 2015). Precedent compels entitlement to such relief and the district court's continued refusal to give priority to deciding the transfer issues demonstrates that SK hynix has no alternative means by which to obtain it.

Accordingly,

IT IS ORDERED THAT:

The petition is granted to the extent that the district court must stay all proceedings concerning the substantive issues in the case until such time that it has issued a ruling on the transfer motion capable of providing meaningful appellate review of the reasons for its decision. The parties shall inform the court when the district court has issued such an opinion.

4                                    IN RE: SK HYNIX INC.

FOR THE COURT

<u>February 01, 2021</u>        <u>/s/ Peter R. Marksteiner</u>
Date                   Peter R. Marksteiner
                       Clerk of Court

s29